

NUMBER 13-08-00137-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANTHONY B. MENA,                                                            Appellant,

v.

PAUL LENZ, M.D.,                                                            Appellee.

---

**On appeal from the 197th District Court of Cameron County, Texas.**

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Anthony B. Mena, challenges the trial court's summary judgment in favor of Paul Lenz, M.D.  Mena, formerly an inmate at the Cameron County Jail, filed suit against Dr. Lenz, formerly the medical director of the jail, claiming that Dr. Lenz provided Mena with substandard medical care.  The trial court granted summary judgment to Dr. Lenz, noting that the limitations period had expired and Mena's counsel had failed to exercise due diligence in serving Dr. Lenz with citation.  Mena contends the trial court erred.  We reverse and remand.

## I. Background

On April 30, 2003, Mena was arrested by police at his home in Harlingen, Texas.

Mena claims that the police, in the process of detaining him, dislocated his elbow and fractured his arm. Mena was taken to the hospital and then transferred to the Cameron County Jail in Olmito, Texas.[1] Mena alleged that while he was in custody, his "elbow and arm . . . fester[ed] to the point gangrene set in. His elbow frequently popped out of it[s] damaged socket." Mena also alleged that he was released from jail on or about October 25, 2003, at which point "[h]is arm could not function, and was painfully hanging by his side" as the result of "grossly inadequate medical care and treatment during his wrongful incarceration."

Alleging that Dr. Lenz was the medical director of the jail at that time, that he "controlled and supervised all medical needs of inmates, including Mena," and that he "negligently failed to properly care for Mena's injuries," Mena filed suit against Dr. Lenz in January 2005 in the United States District Court for the Southern District of Texas.[2] On May 17, 2007, the federal court dismissed Mena's claims without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 1367(c) (providing that a federal district court may decline to exercise supplemental jurisdiction over state-law claims related to claims over which the court has original jurisdiction). Mena then refiled his suit against Dr. Lenz in the 197th District Court of Cameron County, Texas, on May 18, 2007.

Mena's original petition in state court noted that "Defendant Paul Lenz is a resident of Cameron County, Texas and he may be served by **CERTIFIED MAIL RETURN RECEIPT REQUESTED** at 7100 Old Alice Road, Olmito, TX 78575" (emphasis in original). The Cameron County District Clerk's office then attempted to serve citation on Dr. Lenz at the listed address—that of the Cameron County Jail—by mail. *See* TEX. R. CIV. P. 106(a)(2) (providing that service of citation may be made by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy

---

[1] The jail is formally known as the Carrizales-Rucker Detention Center.

[2] Mena also named four police officers and a nurse as defendants in the federal suit. Those individuals were not parties to the suit filed in state court and are not parties to this appeal.

2

of the petition attached thereto").  On May 30, 2007, the return receipt, containing the signature of "Elizabeth [illegible]" as "Agent," was received by the clerk's office.[3] Subsequently, on June 5, 2007, the envelope containing the citation was returned to the clerk's office marked "RETURN TO SENDER/UNKNOWN REASON/UNABLE TO FORWARD."  According to Dr. Lenz, he ceased employment at the Cameron County Jail over a year earlier and never received the citation.

Because Dr. Lenz had not yet filed an answer, Mena moved for default judgment on July 16, 2007.  On August 9, 2007, the trial court signed an order setting a default hearing for September 4, 2007.  The order, which was sent to Dr. Lenz at the Cameron County Jail address, stated in part:

> The Court having considered the plaintiff's motion for entry of default and taking judicial notice of the contents of the file which indicate that defendant, Paul Lenz, was served on May 24, 2007 and proof of service filed with the Clerk of this Court on May 30, 2007 . . . .

Subsequently, on August 14, 2007, Dr. Lenz filed his original answer, denying all of Mena's allegations and affirmatively pleading that Mena's claims were barred by the statute of limitations.

Dr. Lenz then filed a "Motion to Dismiss and, In the Alternative, Motion for Traditional Summary Judgment" on October 1, 2007, contending that the limitations period had expired and that Mena's counsel had failed to exercise reasonable diligence in serving Dr. Lenz with citation.[4]  Mena filed a response which included an affidavit executed by his

---

[3] The return receipt form provided by the United States Postal Service ("USPS"), "Form 3811," contains a space for a signature and printed name, and adjacent boxes marked "Agent" and "Addressee." The return receipt in the instant case contained only a signature, not a printed name, and the box marked "Agent" was checked.

[4] Dr. Lenz's October 1, 2007 motion also asked the trial court to dismiss the suit because of Mena's alleged failure to comply with the expert report requirements applicable to health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008).

We do not here consider the issue of whether Mena complied with the expert report requirements, however, because: (1) the trial court granted Dr. Lenz's motion for traditional summary judgment, which dealt only with the issue of due diligence in service, rather than the motion to dismiss, which dealt with the expert report requirements; and (2) Mena has not raised the issue of his compliance with the expert report requirements on appeal. *See* TEX. R. APP. P. 33.1, 38.1(f).

3

attorney, George P. Powell.  In the affidavit, Powell related that, approximately one week after suit was filed, he directed his legal assistant, Rosa Macias, to check with the district clerk as to the "status of service" with regard to Dr. Lenz.  Macias reported to Powell that, according to the district clerk's office, the docket sheet showed that service of citation had been perfected on Dr. Lenz on May 24, 2007.  Powell further stated that he asked Macias to re-check the status of service with respect to Dr. Lenz on three other occasions in the next several months, and that each time, Macias reported that the district clerk's office assured her that Dr. Lenz had been served on May 24, 2007.  Mena's response to Dr. Lenz's motion for summary judgment also included an affidavit by Macias, in which she stated that she contacted the district clerk's office in late May 2007, "at least two more times" in June 2007, and again in July 2007.  According to Macias, the district clerk assured her each time that Dr. Lenz had been properly served with citation.

Nevertheless, the trial court granted Dr. Lenz's motion for summary judgment on December 7, 2007.  On appeal, Mena argues by one issue that the trial court erred in granting the motion because:  (1) Lenz "did not conclusively prove he was not served"; (2) Mena "conclusively prove[d] he exercised sufficient diligence"; and (3) Mena "raised a fact issue on diligence."

## II. STANDARD OF REVIEW

We review a trial court's granting of a traditional motion for summary judgment under a de novo standard of review.  *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.).

To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet.

4

denied).  After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue.  *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).  In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true.  *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)).  Evidence favorable to the movant, however, will not be considered unless it is uncontroverted.  *Great Am. Reserve Ins. Co. Sv. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).  Moreover, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.  *Grinnell*, 951 S.W.2d at 425 (citing *Nixon*, 690 S.W.2d at 549).

### III. APPLICABLE LAW

A health care liability suit must be brought within two years of the occurrence of the tort, or within two years of the date the treatment or hospitalization for which the claim is made is completed.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2005).  The limitations period is suspended, however, if (1) an action is timely filed in a trial court but later dismissed for lack of jurisdiction, and (2) the action is then re-filed in a second court within sixty days of the date of dismissal in the first court.  *Id.* § 16.064(a) (Vernon 2008).

Further, even a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation upon the defendant.  *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)).  If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing.  *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)).

In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.  *Id.* at 216 (citing *Tate v. Beal*, 119

5

S.W.3d 378, 381 (Tex. App.–Fort Worth 2003, pet. denied); *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.–Houston [1st Dist.] 1993, writ denied)). Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id.* (citing *Webster v. Thomas*, 5 S.W.3d 287, 289-90 (Tex. App.–Houston [14th Dist.] 1999, no pet.)). As the supreme court explained:

> [O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff "to explain the delay." Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay. . . . [I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient.

*Id.* (citations omitted).

### IV. ANALYSIS

It is undisputed that the limitations period expired on July 17, 2007, sixty days after the federal court dismissed Mena's claims against Dr. Lenz. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a).[5] Mena filed suit in state court on May 18, 2007. The sole question for our review, therefore, is whether the summary judgment evidence shows conclusively that Mena's counsel failed to exercise due diligence in serving Dr. Lenz with citation. *See Proulx*, 235 S.W.3d at 216. We find that it does not.

Mena's counsel stated in his affidavit that he asked his legal assistant on at least four occasions to contact the district clerk's office to ensure that Dr. Lenz had been served. The legal assistant stated in her affidavit that she did so, and that each time, the district clerk's office assured her that service had in fact been perfected upon Dr. Lenz on May 24, 2007. Dr. Lenz's argument is that the district clerk was wrong: he was not served with citation on May 24, 2007. Rather, "Elizabeth [illegible]," whom the parties agree was not

---

[5] Neither party disputes that Mena's federal suit, filed in January 2005, was filed within the limitations period applicable to health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2005).

6

an authorized agent of Dr. Lenz, received the citation at the Cameron County Jail and signed the return.[6]  According to Dr. Lenz, this rendered service defective.  *See Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.–Amarillo 2004, no pet.) (holding that service by mail under Rule 106 is defective if return receipt is not signed by addressee).  Dr. Lenz is correct that the district clerk was wrong, but that is not conclusive evidence that Mena's counsel failed to exercise due diligence.

In *Ramirez*, the Amarillo Court of Appeals considered a similar case where citation was served by registered mail but the return receipt was signed by someone other than the addressee.  *Id.* at 919-21.  In that case, the court found that the plaintiff's failure to timely investigate and correct the defective service amounted to a lack of due diligence as a matter of law.  *Id.* at 921.  The court stated that "[t]o be diligent, one who realizes that someone other than the addressee signed for the delivery must, at the very least, investigate the situation or the extent of the recipient's authority."  *Id.*  Dr. Lenz urges us to reach the same result here, but the instant case is readily distinguishable.  Whereas the plaintiff in *Ramirez* "realize[d] that someone other than the addressee signed for the delivery," *see id.* at 920-21, there is no indication here that Mena's counsel was aware that "Elizabeth [illegible]," and not Dr. Lenz himself, had signed the return receipt.  The record reflects that the return receipt was in the control of the district clerk's office at all times, and that the district clerk's office repeatedly and incorrectly informed Mena's counsel's office that service was effected upon Dr. Lenz, which, under the applicable rule of procedure, necessarily implied that it was Dr. Lenz who signed the return receipt.  *See* TEX. R. CIV. P. 107.

Moreover, the record reflects that the district clerk also erred by failing to restrict delivery of the citation to Dr. Lenz personally.  Attached to the citation delivered to the

---

[6] Dr. Lenz notes correctly that, even if "Elizabeth [illegible]" was his authorized agent, service upon an agent or clerk is only permitted where the defendant "has not been found for service of process" when, as here, the defendant is a resident of the county where the action arises.  *Id.* § 17.021(a), (a)(2)(C) (Vernon 2008).

7

Cameron County Jail in the instant case was a "CERTIFICATE OF DELIVERY OF MAIL," signed by a deputy district clerk, which reads:

> I hereby certify that on the 22nd day of MAY 2007, I mailed to DR. PAUL LENZ by registered mail or certified mail, *with delivery restricted to addressee only*, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.
>
> CERTIFIED MAIL NO. 0307500888
> RETURN RECEIPT REQUESTED
> DELIVER TO ADDRESSEE ONLY

(Emphasis added.) Despite this certification, an examination of the return receipt reveals that the district clerk did *not* restrict delivery to Dr. Lenz, the addressee, only. The box marked "Yes" next to "Restricted Delivery?" on the return receipt in the instant case was not checked.[7] Had it been checked, only Dr. Lenz or his authorized agent would have been eligible to sign the return receipt; further, because Dr. Lenz no longer worked at the Cameron County Jail at the time the citation was delivered there, the citation would have been returned as unserved, the clerk's docket sheet would have reflected that fact, and Mena's counsel would be aware that additional efforts to serve Dr. Lenz were necessary.

Even so, the district clerk's office erred in concluding that service of citation was effective. The rules of civil procedure are clear: "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with *the addressee's* signature." Tex. R. Civ. P. 107 (emphasis added). We conclude that due diligence did not require Mena's counsel to do any further investigation under these circumstances. *See Proulx,* 235 S.W.3d at 217 (finding that defendant failed to conclusively establish lack of due diligence even though nine months passed between filing of suit and successful service); *but see Ramirez*, 124 S.W.3d at 920-21 (finding lack of due diligence as a matter of law and concluding that

---

[7] Form 3811, the USPS return receipt form, contains an option for "Restricted Delivery," which is a service that "provides a means by which a mailer may direct that delivery will be made only to the addressee or to someone authorized by the addressee to receive such mail." 39 C.F.R. 3001, subpart C, app. A, § 946.11 (2008); *see* "USPS – Restricted Delivery," http://www.usps.com/send/waystosendmail/extraservices/restricteddeliveryservice.htm (last visited Mar. 2, 2009).

reliance on the representations of a district clerk that "citations were mailed to the addresses shown and that they were signed for and returned . . . does not constitute reasonable justification for neglecting to perfect service of citation"). *Cf. Reynolds v. Alcorn*, 601 S.W.2d 785, 788 (Tex. App.–Amarillo 1980, no pet.) (finding lack of due diligence as a matter of law when plaintiff requested the clerk to issue a citation which was returned unserved, and there was "total inaction" by plaintiff during the following 17-month period, with no additional attempts to obtain service and no attempt to determine whether service was completed). Indeed, a reasonably prudent person would have done no further investigation or pursuit of Dr. Lenz, because the district clerk confirmed that he had already been served. It would be a miscarriage of justice for Mena to be held to account for the clerk's errors in: (1) failing to restrict delivery of the citation to the addressee, Dr. Lenz; and (2) noting on the docket sheet—and repeatedly informing Mena's counsel's office—that service had been perfected upon Dr. Lenz, despite the fact that the only signature on the return receipt was that of "Elizabeth [illegible]."

We conclude that, based upon the summary judgment evidence, Mena raised a fact issue as to diligence, and Dr. Lenz failed to meet his burden to conclusively show that Mena's counsel's efforts were insufficient. *See Proulx*, 235 S.W.3d at 216. Accordingly, the trial court erred in granting summary judgment to Dr. Lenz on the basis of limitations. *See id.*

## V. Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

                                                          _____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 5th day of March, 2009.

9