NUMBER 13-08-00137-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANTHONY B. MENA, Appellant,


v.



PAUL LENZ, M.D., Appellee.

 



On appeal from the 197th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Anthony B. Mena, challenges the trial court's summary judgment in favor
of Paul Lenz, M.D. Mena, formerly an inmate at the Cameron County Jail, filed suit against
Dr. Lenz, formerly the medical director of the jail, claiming that Dr. Lenz provided Mena with
substandard medical care. The trial court granted summary judgment to Dr. Lenz, noting
that the limitations period had expired and Mena's counsel had failed to exercise due
diligence in serving Dr. Lenz with citation. Mena contends the trial court erred. We reverse
and remand.

I. Background

 On April 30, 2003, Mena was arrested by police at his home in Harlingen, Texas. 
Mena claims that the police, in the process of detaining him, dislocated his elbow and
fractured his arm. Mena was taken to the hospital and then transferred to the Cameron
County Jail in Olmito, Texas. (1) Mena alleged that while he was in custody, his "elbow and
arm . . . fester[ed] to the point gangrene set in. His elbow frequently popped out of it[s]
damaged socket." Mena also alleged that he was released from jail on or about October
25, 2003, at which point "[h]is arm could not function, and was painfully hanging by his
side" as the result of "grossly inadequate medical care and treatment during his wrongful
incarceration."

 Alleging that Dr. Lenz was the medical director of the jail at that time, that he
"controlled and supervised all medical needs of inmates, including Mena," and that he
"negligently failed to properly care for Mena's injuries," Mena filed suit against Dr. Lenz in
January 2005 in the United States District Court for the Southern District of Texas. (2) On
May 17, 2007, the federal court dismissed Mena's claims without prejudice for lack of
jurisdiction. See 28 U.S.C. § 1367(c) (providing that a federal district court may decline to
exercise supplemental jurisdiction over state-law claims related to claims over which the
court has original jurisdiction). Mena then refiled his suit against Dr. Lenz in the 197th
District Court of Cameron County, Texas, on May 18, 2007.

 Mena's original petition in state court noted that "Defendant Paul Lenz is a resident
of Cameron County, Texas and he may be served by CERTIFIED MAIL RETURN
RECEIPT REQUESTED at 7100 Old Alice Road, Olmito, TX 78575" (emphasis in original). 
The Cameron County District Clerk's office then attempted to serve citation on Dr. Lenz at
the listed address--that of the Cameron County Jail--by mail. See Tex. R. Civ. P.
106(a)(2) (providing that service of citation may be made by "mailing to the defendant by
registered or certified mail, return receipt requested, a true copy of the citation with a copy
of the petition attached thereto"). On May 30, 2007, the return receipt, containing the
signature of "Elizabeth [illegible]" as "Agent," was received by the clerk's office. (3) 
Subsequently, on June 5, 2007, the envelope containing the citation was returned to the
clerk's office marked "RETURN TO SENDER/UNKNOWN REASON/UNABLE TO
FORWARD." According to Dr. Lenz, he ceased employment at the Cameron County Jail
over a year earlier and never received the citation.

 Because Dr. Lenz had not yet filed an answer, Mena moved for default judgment
on July 16, 2007. On August 9, 2007, the trial court signed an order setting a default
hearing for September 4, 2007. The order, which was sent to Dr. Lenz at the Cameron
County Jail address, stated in part:

The Court having considered the plaintiff's motion for entry of default and
taking judicial notice of the contents of the file which indicate that defendant,
Paul Lenz, was served on May 24, 2007 and proof of service filed with the
Clerk of this Court on May 30, 2007 . . . .


Subsequently, on August 14, 2007, Dr. Lenz filed his original answer, denying all of Mena's
allegations and affirmatively pleading that Mena's claims were barred by the statute of
limitations.

 Dr. Lenz then filed a "Motion to Dismiss and, In the Alternative, Motion for
Traditional Summary Judgment" on October 1, 2007, contending that the limitations period
had expired and that Mena's counsel had failed to exercise reasonable diligence in serving
Dr. Lenz with citation. (4) Mena filed a response which included an affidavit executed by his
attorney, George P. Powell. In the affidavit, Powell related that, approximately one week
after suit was filed, he directed his legal assistant, Rosa Macias, to check with the district
clerk as to the "status of service" with regard to Dr. Lenz. Macias reported to Powell that,
according to the district clerk's office, the docket sheet showed that service of citation had
been perfected on Dr. Lenz on May 24, 2007. Powell further stated that he asked Macias
to re-check the status of service with respect to Dr. Lenz on three other occasions in the
next several months, and that each time, Macias reported that the district clerk's office
assured her that Dr. Lenz had been served on May 24, 2007. Mena's response to Dr.
Lenz's motion for summary judgment also included an affidavit by Macias, in which she
stated that she contacted the district clerk's office in late May 2007, "at least two more
times" in June 2007, and again in July 2007. According to Macias, the district clerk
assured her each time that Dr. Lenz had been properly served with citation.

 Nevertheless, the trial court granted Dr. Lenz's motion for summary judgment on
December 7, 2007. On appeal, Mena argues by one issue that the trial court erred in
granting the motion because: (1) Lenz "did not conclusively prove he was not served"; (2)
Mena "conclusively prove[d] he exercised sufficient diligence"; and (3) Mena "raised a fact
issue on diligence."

II. Standard of Review

 We review a trial court's granting of a traditional motion for summary judgment
under a de novo standard of review. Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816
n.7 (Tex. 2005) (citing Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d 264, 290 n.137
(Tex. 2004)); Alaniz v. Hoyt, 105 S.W.3d 330, 345 (Tex. App.-Corpus Christi 2003, no
pet.).

 To obtain relief via a traditional motion for summary judgment, the movant must
establish that no material fact issue exists and that it is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); Mowbray v. Avery, 76 S.W.3d 663, 690 (Tex. App.-Corpus Christi 2002, pet.
denied). After the movant produces evidence sufficient to show it is entitled to summary
judgment, the non-movant must then present evidence raising a fact issue. See Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed fact
issue that precludes summary judgment, evidence favorable to the non-movant will be
taken as true. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). Evidence favorable to the
movant, however, will not be considered unless it is uncontroverted. Great Am. Reserve
Ins. Co. Sv. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Moreover,
every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Grinnell, 951 S.W.2d at 425 (citing Nixon, 690 S.W.2d at 549).

III. Applicable Law

 A health care liability suit must be brought within two years of the occurrence of the
tort, or within two years of the date the treatment or hospitalization for which the claim is
made is completed. Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2005). The
limitations period is suspended, however, if (1) an action is timely filed in a trial court but
later dismissed for lack of jurisdiction, and (2) the action is then re-filed in a second court
within sixty days of the date of dismissal in the first court. Id. § 16.064(a) (Vernon 2008).

 Further, even a timely filed suit will not interrupt the running of limitations unless the
plaintiff exercises due diligence in the issuance and service of citation upon the defendant. 
Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (citing Murray v. San
Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990); Rigo Mfg. Co. v. Thomas, 458
S.W.2d 180, 182 (Tex. 1970)). If service is diligently effected after limitations has expired,
the date of service will relate back to the date of filing. Id. (citing Gant v. DeLeon, 786
S.W.2d 259, 260 (Tex. 1990)).

 In assessing diligence, the relevant inquiry is whether the plaintiff acted as an
ordinarily prudent person would have acted under the same or similar circumstances and
was diligent up until the time the defendant was served. Id. at 216 (citing Tate v. Beal, 119
S.W.3d 378, 381 (Tex. App.-Fort Worth 2003, pet. denied); Hodge v. Smith, 856 S.W.2d
212, 215 (Tex. App.-Houston [1st Dist.] 1993, writ denied)). Generally, the question of the
plaintiff's diligence in effecting service is one of fact, and is determined by examining the
time it took to secure citation, service, or both, and the type of effort or lack of effort the
plaintiff expended in procuring service. Id. (citing Webster v. Thomas, 5 S.W.3d 287,
289-90 (Tex. App.-Houston [14th Dist.] 1999, no pet.)). As the supreme court explained:

[O]nce a defendant has affirmatively pled the limitations defense and shown
that service was effected after limitations expired, the burden shifts to the
plaintiff "to explain the delay." Thus, it is the plaintiff's burden to present
evidence regarding the efforts that were made to serve the defendant, and
to explain every lapse in effort or period of delay. . . . [I]f the plaintiff's
explanation for the delay raises a material fact issue concerning the diligence
of service efforts, the burden shifts back to the defendant to conclusively
show why, as a matter of law, the explanation is insufficient.


Id. (citations omitted).

IV. Analysis

 It is undisputed that the limitations period expired on July 17, 2007, sixty days after
the federal court dismissed Mena's claims against Dr. Lenz. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.064(a). (5) Mena filed suit in state court on May 18, 2007. The sole question
for our review, therefore, is whether the summary judgment evidence shows conclusively
that Mena's counsel failed to exercise due diligence in serving Dr. Lenz with citation. See
Proulx, 235 S.W.3d at 216. We find that it does not.

 Mena's counsel stated in his affidavit that he asked his legal assistant on at least
four occasions to contact the district clerk's office to ensure that Dr. Lenz had been served. 
The legal assistant stated in her affidavit that she did so, and that each time, the district
clerk's office assured her that service had in fact been perfected upon Dr. Lenz on May 24,
2007. Dr. Lenz's argument is that the district clerk was wrong: he was not served with
citation on May 24, 2007. Rather, "Elizabeth [illegible]," whom the parties agree was not
an authorized agent of Dr. Lenz, received the citation at the Cameron County Jail and
signed the return. (6) According to Dr. Lenz, this rendered service defective. See Ramirez
v. Consol. HGM Corp., 124 S.W.3d 914, 916 (Tex. App.-Amarillo 2004, no pet.) (holding
that service by mail under Rule 106 is defective if return receipt is not signed by
addressee). Dr. Lenz is correct that the district clerk was wrong, but that is not conclusive
evidence that Mena's counsel failed to exercise due diligence.

 In Ramirez, the Amarillo Court of Appeals considered a similar case where citation
was served by registered mail but the return receipt was signed by someone other than the
addressee. Id. at 919-21. In that case, the court found that the plaintiff's failure to timely
investigate and correct the defective service amounted to a lack of due diligence as a
matter of law. Id. at 921. The court stated that "[t]o be diligent, one who realizes that
someone other than the addressee signed for the delivery must, at the very least,
investigate the situation or the extent of the recipient's authority." Id. Dr. Lenz urges us
to reach the same result here, but the instant case is readily distinguishable. Whereas the
plaintiff in Ramirez "realize[d] that someone other than the addressee signed for the
delivery," see id. at 920-21, there is no indication here that Mena's counsel was aware that
"Elizabeth [illegible]," and not Dr. Lenz himself, had signed the return receipt. The record
reflects that the return receipt was in the control of the district clerk's office at all times, and
that the district clerk's office repeatedly and incorrectly informed Mena's counsel's office
that service was effected upon Dr. Lenz, which, under the applicable rule of procedure,
necessarily implied that it was Dr. Lenz who signed the return receipt. See Tex. R. Civ. P.
107.

 Moreover, the record reflects that the district clerk also erred by failing to restrict
delivery of the citation to Dr. Lenz personally. Attached to the citation delivered to the
Cameron County Jail in the instant case was a "CERTIFICATE OF DELIVERY OF MAIL,"
signed by a deputy district clerk, which reads:

I hereby certify that on the 22nd day of MAY 2007, I mailed to DR. PAUL
LENZ by registered mail or certified mail, with delivery restricted to
addressee only, return receipt requested, a true copy of this citation with a
copy of the petition attached hereto.


CERTIFIED MAIL NO. 0307500888

RETURN RECEIPT REQUESTED

DELIVER TO ADDRESSEE ONLY


(Emphasis added.) Despite this certification, an examination of the return receipt reveals
that the district clerk did not restrict delivery to Dr. Lenz, the addressee, only. The box
marked "Yes" next to "Restricted Delivery?" on the return receipt in the instant case was
not checked. (7) Had it been checked, only Dr. Lenz or his authorized agent would have
been eligible to sign the return receipt; further, because Dr. Lenz no longer worked at the
Cameron County Jail at the time the citation was delivered there, the citation would have
been returned as unserved, the clerk's docket sheet would have reflected that fact, and
Mena's counsel would be aware that additional efforts to serve Dr. Lenz were necessary.

 Even so, the district clerk's office erred in concluding that service of citation was
effective. The rules of civil procedure are clear: "When the citation was served by
registered or certified mail as authorized by Rule 106, the return by the officer or authorized
person must also contain the return receipt with the addressee's signature." Tex. R. Civ.
P. 107 (emphasis added). We conclude that due diligence did not require Mena's counsel
to do any further investigation under these circumstances. See Proulx, 235 S.W.3d at 217
(finding that defendant failed to conclusively establish lack of due diligence even though
nine months passed between filing of suit and successful service); but see Ramirez, 124
S.W.3d at 920-21 (finding lack of due diligence as a matter of law and concluding that
reliance on the representations of a district clerk that "citations were mailed to the
addresses shown and that they were signed for and returned . . . does not constitute
reasonable justification for neglecting to perfect service of citation"). Cf. Reynolds v.
Alcorn, 601 S.W.2d 785, 788 (Tex. App.-Amarillo 1980, no pet.) (finding lack of due
diligence as a matter of law when plaintiff requested the clerk to issue a citation which was
returned unserved, and there was "total inaction" by plaintiff during the following 17-month
period, with no additional attempts to obtain service and no attempt to determine whether
service was completed). Indeed, a reasonably prudent person would have done no further
investigation or pursuit of Dr. Lenz, because the district clerk confirmed that he had already
been served. It would be a miscarriage of justice for Mena to be held to account for the
clerk's errors in: (1) failing to restrict delivery of the citation to the addressee, Dr. Lenz; and
(2) noting on the docket sheet--and repeatedly informing Mena's counsel's office--that
service had been perfected upon Dr. Lenz, despite the fact that the only signature on the
return receipt was that of "Elizabeth [illegible]."

 We conclude that, based upon the summary judgment evidence, Mena raised a fact
issue as to diligence, and Dr. Lenz failed to meet his burden to conclusively show that
Mena's counsel's efforts were insufficient. See Proulx, 235 S.W.3d at 216. Accordingly,
the trial court erred in granting summary judgment to Dr. Lenz on the basis of limitations. 
See id.

V. Conclusion

 We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 5th day of March, 2009.
1. The jail is formally known as the Carrizales-Rucker Detention Center.
2. Mena also named four police officers and a nurse as defendants in the federal suit. Those
individuals were not parties to the suit filed in state court and are not parties to this appeal.
3. The return receipt form provided by the United States Postal Service ("USPS"), "Form 3811,"
contains a space for a signature and printed name, and adjacent boxes marked "Agent" and "Addressee." 
The return receipt in the instant case contained only a signature, not a printed name, and the box marked
"Agent" was checked.
4. Dr. Lenz's October 1, 2007 motion also asked the trial court to dismiss the suit because of Mena's
alleged failure to comply with the expert report requirements applicable to health care liability claims. See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2008).


 We do not here consider the issue of whether Mena complied with the expert report requirements,
however, because: (1) the trial court granted Dr. Lenz's motion for traditional summary judgment, which dealt
only with the issue of due diligence in service, rather than the motion to dismiss, which dealt with the expert
report requirements; and (2) Mena has not raised the issue of his compliance with the expert report
requirements on appeal. See Tex. R. App. P. 33.1, 38.1(f).
5. Neither party disputes that Mena's federal suit, filed in January 2005, was filed within the limitations
period applicable to health care liability claims. See Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon
2005).
6. Dr. Lenz notes correctly that, even if "Elizabeth [illegible]" was his authorized agent, service upon
an agent or clerk is only permitted where the defendant "has not been found for service of process" when, as
here, the defendant is a resident of the county where the action arises. Id. § 17.021(a), (a)(2)(C) (Vernon
2008).
7. Form 3811, the USPS return receipt form, contains an option for "Restricted Delivery," which is a
service that "provides a means by which a mailer may direct that delivery will be made only to the addressee
or to someone authorized by the addressee to receive such mail." 39 C.F.R. 3001, subpart C, app. A, §
946.11 (2008); see "USPS - Restricted Delivery," http://www.usps.com/send/waystosendmail/extraservices/restricteddeliveryservice.htm (last visited Mar. 2, 2009).