

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00100-CV

_____

LEAH WAGGONER, Appellant

V.

DANNY JACK SIMS, JR., Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-11-40218

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# O P I N I O N

On May 22, 2009, Danny Jack Sims, Jr., collided the vehicle he was driving into one occupied by Leah Waggoner. On May 19, 2011, (three days before the statute of limitations expired), Waggoner sued Sims. Sims, who was confined in a Texas prison, was not served until March 15, 2012, approximately ten months after the statute of limitations expired. The trial court found the suit was time-barred and granted a summary judgment to Sims. Waggoner raises several issues arguing the trial court erred in finding Waggoner lacked diligence in serving Sims. Instead, Waggoner believes that a fact issue exists on the matter and that the evidence was legally insufficient to support the trial court's finding that she did not exercise continuous diligence in obtaining service of process. Waggoner also complains that the trial court refused to allow her to amend her answer to the motion and attach additional affidavits. We affirm the judgment of the trial court.

## I.      Requirement of Diligence in Obtaining Service of Citation

The general rule is that if a plaintiff files a petition within the limitations period, service of process outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam). Once a defendant has affirmatively pled the defense of limitations and shown that service was untimely, the burden shifts to the plaintiff to prove diligent efforts to effectuate service. *Ashley*, 293 S.W.3d at 179; *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam). Diligence is determined by whether the plaintiff acted as an ordinarily prudent person would under the same or similar circumstance and

whether the plaintiff acted diligently up until the time the defendant was served. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. An unexplained delay in effecting service constitutes a lack of diligence as a matter of law. *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The plaintiff has the burden to explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216.[1] However, this is not an area where any sort of excuse at all will suffice, as the evidence may demonstrate a lack of diligence as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*; *NETCO, Inc. v. Montemayor*, 352 S.W.3d 733, 739 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Limitations is an affirmative defense and may serve as the basis for the trial court's summary judgment. *Roark v. Stallworth Oil & Gas*, *Inc*., 813 S.W.2d 492, 494 (Tex. 1991). We review de novo a trial court's ruling on a motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In our review, we consider the summary-judgment record in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the movant. *Limestone Prods. Distribution*, *Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002) (per curiam); *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.); *see City of Keller v. Wilson*, 168 S.W.3d 802, 822–23 (Tex. 2005).

---

[1]Waggoner suggests that because the limitations claim was not raised in the first responsive pleading to suit, it has been waived. Although Texas Rule of Civil Procedure 94 requires the claim to be pled, the Rule does not require the claim to be brought in the first responsive pleading on penalty of waiver. *See* TEX. R. CIV. P. 94; *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (limitations raised in motion for summary judgment). Contrary to Waggoner's argument, it is also unnecessary for such a claim to be verified. TEX. R. CIV. P. 93, 94; *Donald v. Bennett*, 415 S.W.2d 450, 454 (Tex. Civ. App.—Fort Worth 1967, writ ref'd n.r.e.).

**II. Evidence of Diligence in Obtaining Service**

At Waggoner's request, the Clerk of the District Court issued a citation on May 20, 2011, addressed to "Danny Jack Sims, Jr." at 1010 Amy Way, Bonham, Texas 75418. The next action shown by the record is the February 27, 2012, filing of an unexecuted copy of the citation bearing the notation "unable to serve incarcerated." The district clerk thereafter issued another citation, and Sims was served in prison on March 15, 2012. Sims filed a pro se answer, and counsel later filed an amended answer affirmatively alleging limitations.

In her response to Sims' motion for summary judgment, Waggoner argued that service had been promptly requested and attempted to excuse her actions because she had been in communication with Sims' insurer who did not inform her of Sims' incarceration. While this argument is contained in Waggoner's response to the motion for summary judgment, no summary judgment evidence supported the assertion. She also argues, without evidentiary support, that attempts at service "failed because either Defendant was avoiding service or Defendant was without the county." Waggoner attached as summary judgment evidence her answers to interrogatories, one of which required her to list all efforts made to attempt to serve Sims. Her responses referenced the citation issued May 20, 2011, an offender information search dated "02/23/2012," a citation issued February 28, 2012, her attorney's letter to the sheriff of Anderson County dated February 29, 2012, and a copy of an internet search at the Public Data website dated "6/22/09." None of these documents address actions taken in the nine months between May 2011 and February 2012.

4

**III.    Application**

This Court has previously held that an unexplained nine-month delay before service of a citation was sufficient to support summary judgment in favor of the defendant. *Weaver*, 942 S.W.2d at 170.[2] A nine-month delay is certainly sufficient to shift the burden to the nonmovant to show that it exercised the necessary diligence in seeking service on the defendant. Because these issues were raised here in the context of a summary judgment motion, any such action must necessarily be shown by the summary judgment evidence. Thus, Waggoner had the burden to present evidence regarding the efforts made to serve Sims and to explain every lapse in effort or period of delay. *Ashley*, 293 S.W.3d at 179. This issue is determined by examining the length of time it took to secure service and the type of effort—or lack thereof—Waggoner expended in procuring service. *Proulx*, 235 S.W.3d at 216.

Texas courts have consistently held that unexplained delays of five and six months in procuring issuance and service of citation constitute a lack of due diligence as a matter of law. *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied), *see So. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 462 (Tex. App.—Corpus Christi 2000, no pet.) (citing six cases in which five- or six-month delays held to constitute lack of due diligence as matter of law). Further, a lack of diligence can be found even in the face of an offered

---

[2]*See also Boyattia v. Hinojosa*, 18 S.W.3d 729, 732 (Tex. App.—Dallas 2000, pet. denied) (three months); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) (three-month delay in serving lack of due diligence as a matter of law); *Instrument Specialties Co.*, 924 S.W.2d 420, 422 (Tex. App.—Fort Worth 1996, pet. denied) (six months); *Hansler v. Mainka*, 807 S.W.2d 3 (Tex. App.—Corpus Christi 1991, no writ) (five months); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (six months).

explanation if that explanation affirmatively establishes a lack of reasonable diligence. *Keeton*, 53 S.W.3d at 18.

Here, there is effectively no evidence of diligence in obtaining service after the failed attempts at service in May 2011 until the next effort in February 2012. Waggoner's position is that citation was timely requested, Sims was not at his usual residence, and no one told them where he was until nine months after the failed attempts at service in May 2011. The May 2011 citation includes the following handwritten notation indicating that a private process server attempted service on May 20, 23, and 28, 2011, without success: "Returned unserved – Tried three times to serve him. He no longer at that house. No one knows where he is for sure. May be in pen, but no one knows where." The record shows no further action taken until February of the next year. Waggoner states in her motion that her counsel "made contact with local sources to determine where the Defendant might be incarcerated, but Defendant was not held locally" and that his "whereabouts [were] finally determined on February 23, 2012, when he was located via the internet . . . ."

The summary judgment evidence, however, provides no support for that contention. Even if we reviewed the motion and its allegations and treated those as summary judgment evidence, such generalities do not provide the requisite proof. A statement that "we couldn't find him," or "nobody told us where he was" provides no explanation of the efforts made by Waggoner to locate and serve Sims. As Waggoner's explanation raised no material fact issue concerning diligence, the burden never shifted back to Sims to conclusively show why, as a matter of law, Waggoner's explanation was insufficient. *Proulx*, 235 S.W.3d at 216.

6

Finally, Waggoner argues that the statute of limitations was tolled because Sims was absent from the county where he normally resided. It is clear that Sims was incarcerated in a penal institution in the state of Texas. The statute of limitations is tolled for the period of time that a defendant is absent from "this state," not when the person is absent from a county in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2008).

Because Waggoner took no actions to obtain service for the nine months following the expiration of the limitations period (and the failure of the initial attempts at service), we find that she failed to exercise due diligence in procuring service as a matter of law. The record conclusively established that the suit was barred by limitations, and the trial court did not err in granting Sims' motion for summary judgment. *See Slagle*, 345 S.W.3d at 699 (affirming summary judgment when plaintiff failed to explain three-month delay between end of limitations and service); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff failed to explain thirty-one day delay between expiration of limitations and service); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain twenty-five-day delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain eighteen-day delay between expiration of limitations and service).[3]

---

[3]Waggoner asserts she was "prejudiced" by the trial court failing to allow her to amend her response to the motion for summary judgment and attach an affidavit which had been omitted. This was asserted at a motion for new trial hearing. No proposed affidavit was presented, no argument or analysis of the issue is made, and no authority is cited. Consequently, we find nothing to address.

We affirm the judgment.


                                        Jack Carter
                                        Justice


Date Submitted:        April 24, 2013
Date Decided:          April 30, 2013