

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00168-CV

---

CAROLYN BUTLER                                                          APPELLANT

V.

ROBERT SKEGRUD                                                          APPELLEE

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-264057-13

----------

## MEMORANDUM OPINION[1]

----------

In two issues, pro se Appellant Carolyn Butler appeals from the trial court's order granting the motion for summary judgment filed by Appellee Robert Skegrud. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

On February 4, 2013, Butler filed suit against Skegrud and Lola Kelly, alleging that she fell and injured her leg and back on February 4, 2011, because Skegrud and Kelly failed to properly maintain their rental property at 2020 Park Springs Boulevard, Arlington, Texas (the "Arlington address").[2] In an attachment to her original petition, Butler listed the Arlington address as Skegrud and Kelly's address.

On February 6, 2013, the district court clerk prepared a citation directed to Skegrud at the Arlington address. On February 15, 2013, a Tarrant County constable attempted to serve Skegrud. The citation was returned unexecuted to the district clerk on February 27, 2013. The constable's service report attached to the unexecuted citation stated, "per the co-def and mgr at Willows II Apts, Ms. L. Kelly, the subj. offices at: 24 Hampshire Way Novato, CA. 94943."

The district court clerk prepared a second citation on March 4, 2014. The officer's return reflects that the citation was executed by the district court clerk at

---

[2]Butler also sued David Whitten, M.D.; Jon Beazley, D.O; and Joseph DelPrincipe, D.O., alleging that they did not accurately diagnose her leg injuries so that her leg injuries were left untreated. On the doctors' motions, the trial court dismissed Butler's claims against the doctors because Butler failed to file an expert report pursuant to Texas Civil Practice and Remedies Code section 74.351(a), *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2014), and severed them from Butler's claims against Skegrud and Kelly. Butler appealed the trial court's order dismissing her claims against the doctors, and this court affirmed the trial court's order. *See Butler v. Whitten*, No. 02-13-00306-CV, 2014 WL 4656589 (Tex. App.—Fort Worth Sept. 18, 2014, pet. denied) (mem. op.).

24 Hampshire Way, Novato, California, 94945, on March 11, 2014, by mailing Skegrud a copy of the citation and Butler's original petition by certified mail. *See* Tex. R. Civ. P. 103, 106(a)(2). Skegrud received the citation and petition on March 11, 2014, and filed his original answer on March 13, 2014, asserting the affirmative defense of statute of limitations.

Contemporaneously with his answer, Skegrud filed a motion for summary judgment on his limitations defense, contending that he was entitled to summary judgment as a matter of law because he was not served until over a year after the statute of limitations had expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2014) (stating that personal injury claims are governed by a two-year statute of limitations). Butler argued in her response that she acted with due diligence to serve the citation, explaining that when she called the clerk's office to find out if Skegrud had been served, the clerk informed her that Kelly gave the constable Skegrud's California address. Butler further claimed that she believed Skegrud had been served, but at a hearing held on February 28, 2014, she was told that he had not been served. She then immediately requested the clerk to reissue a citation directed to Skegrud at his California address. Butler claimed Kelly was "attempting to evade service on . . . Skegrud by giving [the constable who attempted to serve Skegrud on February 15, 2013,] the wrong zip code." She also argued that the statute of limitations was "temporarily disabled" from March 20, 2013, when the trial court sustained the district clerk's objection to Butler's affidavit of indigence, until September 30,

3

2014, when the trial court permitted Butler to continue her case without paying costs. As evidence, Butler attached to her response (1) an excerpt from an explanation of benefits showing charges for medical treatment; (2) a December 19, 2011 letter from Kelly to Butler stating that Skegrud's address was 24 Hampshire Way, Novato, California, 94945; (3) an October 18, 2012 letter from Butler addressed to Skegrud at his California address requesting a meeting regarding her injuries and demanding $100,000 for her injuries, pain, and suffering; (4) the trial court's March 22, 2013 order sustaining the district clerk's objection to Butler's affidavit of indigence; (5) excerpts from an affidavit filed in support of a motion for new trial;[3] (6) the officer's return stating Skegrud was served by certified mail; (7) the certified mail receipt and the return receipt signed by Skegrud on March 11, 2014; and (8) the constable's February 15, 2013 service report.

After a hearing, the trial court granted Skegrud's motion for summary judgment. This appeal followed.

### Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the

---

[3]Butler filed a motion for new trial asking the trial court to set aside its January 24, 2014 order granting Kelly's no-evidence motion for summary judgment and dismissing with prejudice Butler's claims against Kelly. The motion was denied.

nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

### Applicable Law

If a plaintiff files a petition within the limitations period, service of process outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *see Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (explaining that "a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"). If a plaintiff diligently effects service after the expiration of the statute of limitations, then the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215. Once a defendant affirmatively pleads limitations and establishes that service occurred after the limitations period expired, as is the case here, the

5

burden shifts to the plaintiff to explain the delay. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. The plaintiff must then present evidence to raise a fact issue as to due diligence in service of process. *Proulx*, 235 S.W.3d at 216. If the plaintiff's evidence raises a material fact issue regarding the diligence of service, the burden then shifts back to the defendant to conclusively show why, as a matter of law, the evidence is insufficient. *Id.*

To explain a delay in service, "it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)); *see also Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App.—Austin 2000, pet. denied) (holding that a plaintiff's attorney must evaluate continuously the state of efforts to secure service). "Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. The "relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* However, if "one or more lapses between service efforts are unexplained or patently unreasonable," then the record demonstrates lack of diligence as a matter of law. *Id.*; *NETCO, Inc. v. Montemayor*, 352 S.W.3d 733, 739 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

6

In this case, the date of Butler's alleged injury was February 4, 2011. She filed suit the day the limitations period on her claims expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Skegrud met his initial summary-judgment burden by establishing that he was served with citation on March 11, 2014, more than a year after the statute of limitations expired on Butler's claims. *See id.*; Tex. R. Civ. P. 166a(c). The burden then shifted to Butler to explain her delay in serving Skegrud and to present evidence to raise a fact issue as to her due diligence in effectuating service. *See Proulx*, 235 S.W.3d at 215–16.

**Analysis**

In her first issue, Butler contends that Texas Rule of Civil Procedure 107 required the constable who attempted to serve Skegrud in February 2013 to show that he was diligent in his efforts to serve the citation. *See* Tex. R. Civ. P. 107(d) ("When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if ascertainable."). Butler argues that the constable was obligated to attempt to notify her to get information from her regarding Skegrud's address. She further claims that the constable had a duty to use other methods of service after he failed to serve Skegrud, specifically citation by publication, *see* Tex. R. Civ. P. 109, or by leaving the citation with someone at his business location in Arlington, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.021(a) (West 2015) (providing that in limited circumstances, in an action against an individual

7

that arises in a county in which the individual has an office, place of business, or agency transacting business in Texas, citation may be served on an agent or clerk employed in the office, place of business, or agency). Lastly, she asserts that civil practice and remedies code section 16.063 tolled the statute of limitations while Skegrud was in California. *See id.* § 16.063 (West 2015) ("The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.").

But, as Skegrud points out, Butler raises these arguments for the first time on appeal. A nonmovant must expressly present in her written response or answer to a motion for summary judgment any issues that would defeat the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). Any issues not expressly presented by the nonmovant to the trial court in a written response may not be considered as grounds for reversal.[4] *See* Tex. R. Civ. P. 166a(c); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 825

---

[4]The exception to this general rule is that the nonmovant may still challenge on appeal the legal sufficiency of the evidence supporting summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Butler does not challenge the legal sufficiency of the evidence supporting the summary judgment.

(Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also* Tex. R. App. P. 33.1(a)(1) (stating that as a prerequisite for presenting complaint for appellate review, record must show complaint was made to trial court by timely request, objection, or motion). To "expressly" present issues, the written answer or response to the motion for summary judgment must fairly apprise the movant and the trial court of the issues the nonmovant contends should defeat summary judgment. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The failure to present an issue to defeat summary judgment in the trial court waives the issue on appeal. *D.R. Horton–Tex., Ltd. v. Mkt. Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Dubose*, 117 S.W.3d at 920.

Because Butler did not assert in her written response to Skegrud's motion for summary judgment any of the arguments made in her first issue, she has waived these arguments on appeal. *See* Tex. R. Civ. P. 166a(c). Accordingly, we overrule Butler's first issue.

In her second issue, Butler argues that she raised a fact issue regarding her due diligence in effecting service on Skegrud.[5] It took Butler over a year to serve Skegrud with process. Texas courts have held that due diligence was lacking as a matter of law based upon gaps in service for periods far less than a

---

[5]Butler also argues in her second issue that civil practice and remedies code section 16.063 tolled the statute of limitations while Skegrud was in California. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.063. But as we explained in our disposition of Butler's first issue, she has waived this argument on appeal.

9

year when there have been no efforts or insufficient efforts to obtain service of process. *See, e.g.*, *Ashley*, 293 S.W.3d at 180–81 (holding unexplained eight-month gap between service attempts did not create a fact issue as to diligence); *Waggoner v. Sims*, 401 S.W.3d 402, 406 (Tex. App.—Texarkana 2013, no pet.) ("Because [plaintiff] took no actions to obtain service for the nine months following the expiration of the limitations period (and the failure of the initial attempts at service), we find that she failed to exercise due diligence in procuring service as a matter of law."); *Parsons v. Turley*, 109 S.W.3d 804, 809 (Tex. App.—Dallas 2003, pet. denied) (holding that plaintiff did not exercise diligence where a three-month delay occurred in service of process and plaintiff relied upon oral agreement with defendant to postpone service); *Webster v. Thomas*, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that four-month and ten-day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (holding as matter of law that plaintiff lacked diligence after an unexplained delay of over five months after the expiration of the statute of limitations). We must determine whether Butler's summary-judgment evidence raises a fact issue as to whether she acted with diligence. *See Proulx*, 235 S.W.3d at 216. A delay in service, coupled with no efforts or insufficient efforts to procure citation and service, amounts to a lack of diligence as a matter of law. *See id.*

Here, Butler failed to provide a valid or reasonable explanation for the delay effectuating service on Skegrud. In her summary-judgment response, Butler claimed she believed Skegrud had been served until she learned at a February 28, 2014 hearing in the case that he had not been served. Butler explained that when she received Kelly's original answer, which was filed on February 19, 2013, she called the district clerk's office and was informed that Kelly refused to accept service for Skegrud and gave the constable Skegrud's California address with an incorrect zip code. Butler claimed she gave the district clerk's office the correct zip code and mailed a copy of Kelly's December 19, 2011 letter to Butler listing Skegrud's address (with the correct zip code) to the clerk.

Butler's summary-judgment evidence provided no basis for her belief that Skegrud had been served. Her response seemed to imply that it was the duty of the district clerk and the constable to effect service after the constable returned the first citation unexecuted and Butler provided the district clerk with the correct zip code. But this assumption was unreasonable as the clerk and constable were under no duty to serve Skegrud under these circumstances. It is the clerk's duty to issue citation upon the request of a party and deliver it as directed by the requesting party. *See* Tex. R. Civ. P. 99(a) ("Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. . . . Upon request, separate or additional citations shall be issued by the clerk."). The party requesting the citation, not the

clerk, is responsible for obtaining service. *See id.* Nor is it the responsibility of the process server to see that service is properly accomplished. *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ). "[M]isplaced reliance on the process server does not constitute due diligence." *Taylor*, 4 S.W.3d at 65; *see also Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 WL 88625, at *3 (Tex. App.—San Antonio Mar. 4, 1998, pet. denied) (not designated for publication) (holding that counsel's reliance upon an "employee or the process server does not constitute due diligence in procuring service of citation because any erroneous assumption does not constitute excuse for delay in service of citation."). There is no evidence in the record that Butler requested that the citation be reissued or that any further service attempts be made until March 2014.

We conclude Butler's delay in service shows a lack of diligence as a matter of law. The summary-judgment evidence established a lack of any effort to secure service for over a year after the expiration of the limitations period and her initial unsuccessful attempt at service, and Butler failed to provide a valid or reasonable explanation for her delay in serving Skegrud. Thus, there is no genuine issue of material fact as to whether Butler acted with the requisite

12

diligence to prevent summary judgment. *See Proulx*, 235 S.W.3d at 216. We overrule Butler's second issue.[6]

### Conclusion

Having overruled both of Butler's issues, we affirm the trial court's order granting Skegrud's motion for summary judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED: July 9, 2015

---

[6]Butler also argued that the trial court's March 22, 2013 order sustaining the district court clerk's contest to her affidavit of indigence tolled the statute of limitations until September 30, 2013, when the trial court permitted her to continue her case without paying costs. Butler does not cite, nor have we found, any authority supporting this contention.