

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00197-CV

Graciela **GARCIA** and Jesus Garcia,
Appellants

v.

Roberto **SALINAS**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-17-716-A
Honorable Baldemar Garza, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 10, 2022

AFFIRMED

Graciela and Jesus Garcia ("the Garcias") appeal from the trial court's summary judgment

granted in favor of Roberto Salinas on the basis of limitations. We affirm.

### BACKGROUND

After being involved in an automobile accident and allegedly suffering personal injuries,

the Garcias sued Salinas (the driver of the other vehicle) for negligence. They also sued (1) Jose

Lozano (the driver of the vehicle in which they were passengers) for negligence and (2) their own

insurance      company      (State     Farm     Mutual     Automobile      Insurance      Company)      for

uninsured/underinsured benefits. Salinas filed a general denial and pleaded limitations as an affirmative defense. He then moved for summary judgment on the basis of limitations, arguing that the Garcias did not use due diligence in serving him. The trial court initially granted Salinas's motion for summary judgment, but then granted the Garcias' motion for new trial a month later.

The Garcias then settled with Lozano, and he was dismissed from the case. After some discovery was conducted, Salinas filed another motion for summary judgment based on limitations. The trial court granted the motion, dismissed the Garcias' claims against him, and severed the summary judgment from the Garcias' remaining claims against State Farm Mutual Insurance Company. The Garcias then appealed the final summary judgment granted in favor of Salinas.

### SUMMARY JUDGMENT BASED ON LIMITATIONS DEFENSE

A suit for personal injuries must be brought within two years from the time the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). "But a timely filed suit will not interrupt the running of limitations *unless the plaintiff exercises due diligence in the issuance and service of citation.*" *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (emphasis added). "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Id*.

To prevail on a motion for summary judgment based on a limitations defense, a defendant must show that he is entitled to judgment as a matter of law on that defense. *See* TEX. R. CIV. P. 166a(c); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). In clarifying the summary judgment burden when the issue of diligent service arises, the supreme court has stated that "once a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay." *Proulx*, 235 S.W.3d at 216 (citation omitted). That is, "it is the plaintiff's burden to present evidence regarding the efforts

that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id*. "The plaintiff's duty to exercise diligence in service 'is a continuous one, extending until service is perfected.'" *State v. $45,810.10 in U.S. Currency*, 609 S.W.3d 219, 229 (Tex. App.—San Antonio 2020, pet. denied) (quoting *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 744 (Tex. App.—Texarkana 2008, no pet.)). "While reasonable diligence is ordinarily a fact question, lack of diligence can be established as a matter of law if no excuse for the lack of timely service is offered or if the 'lapse of time coupled with the plaintiff's acts negate diligence.'" *Id*. (quoting *One 1991 Chevrolet Blazer v. State*, 905 S.W.2d 443, 445 (Tex. App.—Amarillo 1995, no writ)). If "one or more lapses between service efforts are unexplained or patently unreasonable," then the plaintiff lacks diligence as a matter of law. *Proulx*, 235 S.W.3d at 216.

We review de novo a trial court's ruling on a motion for summary judgment. *Waggoner v. Sims*, 401 S.W.3d 402, 405 (Tex. App.—Texarkana 2013, no pet.). In doing so, we view the evidence in the light most favorable to the nonmovants and indulge every reasonable inference and resolve all doubts in their favor. *$45,810.10 in U.S. Currency*, 609 S.W.3d at 229.

### A.      *Salinas's Summary Judgment Burden*

It is undisputed that the automobile accident at issue in this case occurred on December 20, 2015. Thus, to fall within the two-year limitations period, the Garcias were required to file their lawsuit on or before December 20, 2017, and exercise diligence in serving Salinas with process. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

As noted above, to meet his summary judgment burden on the defense of limitations, Salinas had to plead the limitations defense and show that service was effected after limitations expired. *See Proulx*, 235 S.W.3d at 216. The record reflects that Salinas affirmatively pled that limitations barred the Garcias' claims against him. He further attached to his motion proof (1) that the Garcias filed their lawsuit two days before the limitations period expired and (2) that he was

not served with the lawsuit until more than a year after limitations expired. Salinas, a resident of Illinois, ultimately received service through the Texas Secretary of State. Salinas attached to his motion a Texas Secretary of State certificate of service to show that the Secretary of State received process on March 7, 2019, 442 days after the limitations period expired. *See Novik v. Lendr, LLC*, 592 S.W.3d 907, 914 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Absent fraud or mistake, a certificate from the Secretary of State's office is conclusive evidence that the Secretary of State received service of process and forwarded the process as required."). Accordingly, Salinas met his summary judgment burden, and the burden shifted to the Garcias to explain the delay in service of process. *See Proulx*, 235 S.W.3d at 216.

### B.     The Garcias' Burden in Showing Diligence

In determining whether the Garcias exercised diligence in effecting service of process on Salinas, we ask whether the Garcias acted as ordinarily prudent people would have acted "under the same or similar circumstances and w[ere] diligent up until the time [Salinas] was served." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). "An unexplained delay in effecting service constitutes a lack of diligence as a matter of law." *Waggoner*, 401 S.W.3d at 404. Thus, to meet their burden in showing diligence, the Garcias must "explain every lapse in effort or period of delay." *Id*. "However, this is not an area where any sort of excuse at all will suffice, as the evidence may demonstrate a lack of diligence as a matter of law 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Id*. (quoting *Proulx*, 235 S.W.3d at 216).

To show diligence, the Garcias relied primarily on an amended affidavit by process server Vanessa Zuniga. The record includes two citations that provide context for Zuniga's amended affidavit. The clerk issued the first citation on December 21, 2017, but used the address for the co-defendant, Jose Lozano. The clerk issued the second citation on January 18, 2018, using Salinas's correct Illinois address.

In the amended affidavit, Zuniga attested that she failed to accomplish personal service on Salinas and described her efforts to accomplish service. She stated that on December 22, 2017, she first attempted to serve Salinas by certified-mail-return-receipt-requested ("CMRRR") using the address on the original citation but it was returned as unclaimed. Zuniga's affidavit does not state which address she used in this first attempt at service. Nor does her affidavit state *when* she received the returned envelope. In his deposition, the Garcias' attorney was unable to recall when he realized the address on the citation was incorrect, but testified he must have discovered the incorrect address before January 18, 2018, when the second citation was prepared using Salinas's correct address in Illinois.

In her amended affidavit, Zuniga stated she made a second attempt at service on February 12, 2018, by mailing "another citation" to Salinas's Illinois address by CMRRR. The affidavit does not explicitly state that Zuniga mailed the second citation issued by the clerk; nor does it state *when* she received the second citation from the clerk. The record is clear, however, that Zuniga did not make her second attempt at service until twenty-five days after the clerk issued the second citation. Neither Zuniga's amended affidavit, nor any other summary-judgment evidence provided by the Garcias, explains this twenty-five-day gap between the issuance of the second citation and Zuniga's second attempt at service. According to Zuniga's amended affidavit, the certified mail following her second attempt was returned to her on March 22, 2018, as unclaimed and unable to forward. By that time, ninety-two days had passed since the limitations period expired.

Zuniga next attested that in April 2018, she attempted to verify Salinas's address using the vehicle crash report and "was preparing to resend the citation by certified mail." The affidavit, however, does not state whether she did in fact resend the citation in April 2018.

Zuniga further attested that on May 19, 2018, she attempted to contact two passengers in Salinas's vehicle, but did not reach either. Then, on May 21, 2018, she attempted service a third

time by CMRRR using the address on the second citation. By the time Zuniga attempted service by CMRRR a third time, 152 days had passed since the expiration of limitations. Further, Zuniga's amended affidavit does not explain the sixty-day gap between the return of certified mail on March 22, 2018 and her next attempt at service on May 21, 2018. Zuniga stated in the amended affidavit that following this third attempt at service, the certified mail was returned as unclaimed. The affidavit, however, does not state *when* she received it.

Zuniga attested she next attempted service on June 20, 2018 by CMRRR. By this point, 182 days had passed since the limitations period expired. The affidavit does not explain any efforts made during the thirty days between May 21, 2018 and June 20, 2018. Additionally, Zuniga's amended affidavit does not state whether her June 20, 2018 attempt at service through CMRRR was returned. Instead, according to the affidavit, Zuniga located Salinas's telephone number through Whitepages on September 26, 2018 and spoke to him on September 27, 2018. Zuniga attested she told Salinas she had tried to deliver legal documents using CMRRR regarding an automobile accident. According to Zuniga, Salinas hung up on her. Ultimately, Zuniga's amended affidavit reflects an unexplained ninety-nine-day gap in efforts between June 20, 2018 and September 27, 2018. At this point, 281 days had passed since the limitations period expired.

It took another 161 days before the Garcias' attorney finally obtained service through the Texas Secretary of State. While Zuniga's amended affidavit lists other attempts at service after September 27, 2018, the unexplained gaps detailed above demonstrate a lack of diligence as a matter of law. *See Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) ("[W]e need not find that three months delay is a lack of diligence as a matter of law to uphold the summary judgment. An unexplained delay constitutes a lack of due diligence as a matter of law."). Therefore, we hold the trial court did not err in granting Salinas's motion for summary judgment based on limitations.

**CONCLUSION**

Because the record reflects significant periods of time in which the Garcias were unable to explain the delay of service, they did not exercise diligence in serving Salinas as a matter of law. Accordingly, their claims against Salinas are barred by limitations. We affirm the trial court's summary judgment in favor of Salinas.

Liza A. Rodriguez, Justice