**Denis PROULX, Petitioner**

v.

**Michael A. WELLS, Respondent.**

No. 06–0258.

Supreme Court of Texas.

Aug. 31, 2007.

Ronald T. McLain, The Crim Law Firm, Houston, for Denis Proulx.

Barry L. Hardin, Mark Goodman, David Goodman & Madole, Dallas, for Michael A. Wells.

PER CURIAM.

In this case, the court of appeals held that limitations barred the plaintiff's suit because, as a matter of law, he was not diligent in serving the defendant with process. 186 S.W.3d 630, 631. We hold that the summary-judgment evidence failed to conclusively establish that the plaintiff did not exercise diligence in effecting service, and reverse the court of appeals' judgment.

Denis Proulx filed this personal-injury suit against Michael Wells on May 2, 2003, shortly before the statute of limitations expired on May 21, 2003. Proulx's process server, Brian Duffe, received the citation on May 20, 2003, and from May 21, 2003, until September 17, 2003, he made twenty-three attempts to serve Wells at four different addresses. Eleven of these attempts were made between May 21st and July 22nd at 701 Riverside Drive in Arlington, Texas. On July 31, 2003, Duffe informed Proulx's attorney that he did not believe Wells lived at that address, and an in-house investigator was utilized to ascer-

tain Wells's whereabouts. The investigator located three possible alternative addresses for Wells, and Duffe made twelve unsuccessful attempts between August 5 and September 17, 2003, to serve Wells at those addresses.

On October 17, 2003, Proulx turned to another process server, Cynthia Rosser, for assistance. From the time she received the citation on October 17, 2003, until December 5, 2003, Rosser made seven service attempts at two different addresses. In addition, between December 5 and December 10, 2003, Rosser made over twenty calls to Wells's brother, who resided at the address Wells listed on his driver's license. During this time, Proulx also hired a private investigator, Arthur Cantrell, to locate Wells. Cantrell concluded that Wells was moving from relative to relative in an attempt to avoid service from creditors and courts, and suggested that substituted service under Rule 106 would be the best solution. TEX.R. CIV. P. 106(b). On January 15, 2004, Proulx filed a motion for substituted service. Service was finally effected by substituted service on Wells's brother on January 26, 2004, a little over eight months after the statute of limitations expired. Wells moved for summary judgment claiming that, although suit was timely filed, the statute of limitations had run because Proulx failed to exercise due diligence in securing service of process. The trial court granted summary judgment in Wells's favor, and a divided court of appeals affirmed, holding Proulx lacked diligence in effecting service as a matter of law. 186 S.W.3d at 631. We disagree.

■■■ A suit for personal injuries must be brought within two years from the time the cause of action accrues. See TEX. CIV. PRAC. & REM.CODE § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990).

Our jurisprudence has at times been less than clear in explaining the summary-judgment burden that inheres when the diligent-service question is presented. *See Brown v. Shores,* 77 S.W.3d 884, 888–89 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (BRISTER, C.J., concurring); *Tranter v. Duemling,* 129 S.W.3d 257, 260 (Tex. App.-El Paso 2004, no pet.). We have stated that a plaintiff's mere pleading of diligence in response to a summary-judgment motion shifts the burden to the defendant to disprove diligence as a matter of law. *See Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975) ("[When the nonmovant] pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of [this] issue[ ]."). More recently, we have said that once the defendant demonstrates that service occurred after the limitations deadline, the burden shifts to the plaintiff "to explain the delay." *Murray,* 800 S.W.2d at 830. These seemingly inconsistent statements, however, are not irreconcilable when read in context. In *Zale,* though we did not refer to the record before us, the plaintiff in fact presented evidence explaining the delay in service. *See* 520 S.W.2d at 890–91. Because the plaintiff both pled and presented evidence of due diligence in effecting service, our holding that the defendant then bore the burden to disprove diligence as a matter of law does not conflict with our analysis in *Murray.*

In *Murray*, we held that once a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff "to explain the delay." 800 S.W.2d at 830. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay. *See Gant*, 786 S.W.2d at 260. In some instances, the plaintiff's explanation may be *legally* improper to raise the diligence issue and the defendant will bear no burden at all. *See Brown*, 77 S.W.3d at 890 (Brister, C.J., concurring) (citing *Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding unenforceable oral agreement to delay service was insufficient to show diligence as a matter of law), and *Broom v. MacMaster*, 992 S.W.2d 659, 665 (Tex.App.-Dallas 1999, no pet.) (holding plaintiff's desire to obtain remand from federal court did not justify delay in serving defendant)). In others, the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *See, e.g., Gant*, 786 S.W.2d at 260; *Brown*, 77 S.W.3d at 887; *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 925–26 (Tex.App.-Fort Worth 2002, pet. denied). But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Zale*, 520 S.W.2d at 891.

In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *See Tate v. Beal*, 119 S.W.3d 378, 381 (Tex.App.-Fort Worth 2003, pet. denied); *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *See Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

In this case, Wells contends there were periods of delay for which Proulx failed to provide an adequate explanation, and in any event the nine months that elapsed between the time suit was filed and substituted service was effected demonstrates lack of diligence as matter of law. Proulx, on the other hand, contends his summary-judgment evidence adequately explains all periods of delay between the filing of suit and service of citation. According to Proulx, the evidence presented and the reasonable inferences drawn therefrom demonstrate that his efforts to procure service were those an ordinarily prudent person would have used under the same or similar circumstances, particularly in light of evidence that Wells was actively avoiding service. The court of appeals identified specific periods of delay in Proulx's service efforts, and concluded Proulx was not diligent in effecting service during these times. 186 S.W.3d at 636. Specifically, the court pointed to a nineteen-day period from the lawsuit's filing to the first process server's receipt of citation, three weeks that passed between dismissal of the suit for want of prosecution and the filing of a motion to reinstate,[1] a nearly five-month period that

---

1. Ninety days after Proulx's suit was filed, the trial court issued a notice of intent to dismiss

passed before Proulx hired a private investigator to locate Wells, twenty-four days that passed before citation was delivered to the second process server, and the overall nine months that passed between filing of suit and successful service. *Id.* However, that some periods of time elapsed between service efforts does not conclusively demonstrate that Proulx was not exercising diligence in his efforts to locate Wells. According to the summary-judgment evidence, Proulx utilized two process servers and two investigators in attempting to locate an address at which service could be effected. Over the course of the nine months that elapsed before substituted service was obtained, thirty service attempts were made at five different addresses. The difficulties that Proulx encountered in effecting service were attributed by a private investigator to the fact that Wells was "moving from relative to relative and doing his best to avoid service from the courts and creditors." The circumstances presented are far different from those in which courts have found lack of diligence as a matter of law.

In *Gant*, for example, we held that the plaintiff had failed to exercise due diligence as a matter of law because he provided no explanation for delays in service for three periods totaling thirty-eight months. 786 S.W.2d at 260; *see also Webster*, 5 S.W.3d at 291 (holding no due diligence as a matter of law when evidence showed plaintiff's actions over four months were not designed to procure the issuance and service of citation); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex.App.-Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service

---

the case for want of prosecution unless, by September 30, 2003, (1) Wells was served and either filed an answer or a default was taken against him, or (2) a motion to retain was filed. The trial court dismissed the case when

efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex.App.-Corpus Christi 1991, no writ) (stating that request for service five months after suit was filed affirmatively demonstrated lack of due diligence). In this case, there are no comparable periods of unexplained inaction. In light of the evidence that was presented regarding Proulx's continuous investigation and repeated service attempts, coupled with evidence that Wells was deliberately avoiding service, we conclude that Wells failed to conclusively establish lack of diligence.

Accordingly, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

---

neither occurred, but later reinstated it on Proulx's attorney's motion explaining that the failure to appear was the result of a calendaring error.