**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00055-CV

_____

## JEANNIE G. WATTS ET VIR GREG WATTS, Appellants

## V.

## LUCIELLE VARGAS, Appellee

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. CC12490**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. Appellants, Jeannie G. Watts and Greg Watts, filed a personal injury action against appellee, Lucielle Vargas, for damages arising from an automobile accident that occurred on January 17, 2003. Appellants filed the underlying suit against Vargas on January 14, 2005. They did not obtain service of process on Vargas until April 18, 2007. The trial court granted Vargas's motion for summary judgment on the ground that appellants failed to exercise diligence in serving Vargas with citation. We affirm.

*Analysis*

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

Appellants challenge the summary judgment in two issues. We address the two together because they present the same issue for review. Vargas pleaded the affirmative defense of limitations in her original answer. She subsequently filed a motion for summary judgment on the sole ground of limitations. To obtain summary judgment on the affirmative defense of limitations, a movant must conclusively establish when a cause of action accrued and that the plaintiff did not file suit within the limitations period. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2008). Even if suit is filed within the limitations period, it is barred by limitations if the defendant is not served within the limitations period and the plaintiff did not exercise diligence in obtaining service. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

If a defendant affirmatively pleads a limitations defense and shows that service occurred after limitations expired, the burden shifts to the plaintiff "to explain the delay." *Id*. at 216. When the burden has been shifted in this manner, "it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id*. "Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id*. The "relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id*. However, the plaintiff may fail to raise a fact issue if the evidence demonstrates a lack of diligence as a matter of law, "as when one or more lapses between service are unexplained or patently unreasonable." *Id*. If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of

2

service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id*.

In this case, Vargas met her initial summary judgment burden to establish that she was not served until after limitations had expired. In this regard, the summary judgment evidence establishes that Vargas was not served until approximately twenty-seven months after limitations expired. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2008). Consequently, the burden shifted to appellants to explain the delay. Appellants' counsel submitted an affidavit as summary judgment evidence that reads in relevant part as follows:

> On or about January 13, 2005 I was hired to represent Jeannie G. and Greg Watts in a personal injury suit against Lucielle Vargas. The accident occurred on January 17, 2003 in Midland County, Texas. The lawsuit was immediately filed before the statute of limitations ran.
>
> After the lawsuit was filed, I hired Laurie Bright, a process server to serve Ms. Vargas with the petition. Ms. Bright made several attempts to serve Ms. Vargas but was unsuccessful. I have requested Ms. Bright to attach the notes of her attempts to serve Ms. Vargas: but she cannot locate her notes.
>
> I then hired Teresa Cornelius, a private investigator in Midland, Texas, to serve the petition. Ms. Cornelius made numerous attempts to locate Ms. Vargas but was unable to do so until April 2007. Ms. Cornelius's deposition was taken and a copy is attached hereto which shows the extensive efforts made by Ms. Cornelius to get Ms. Vargas served.

Cornelius stated in her deposition that she is a licensed private investigator. Appellants' counsel retained her in September 2006 in an effort to locate Vargas. Cornelius stated that she checked various databases every few weeks until she was able to locate Vargas in April 2007.

We will assume for the purposes of our analysis that Cornelius's efforts to locate and serve Vargas constituted a diligent attempt at service. Appellants did not retain Cornelius until approximately twenty months after limitations expired. Accordingly, we direct our attention to appellants' efforts during this initial twenty-month period. The only information provided by appellants about this period is that they retained Bright to serve Vargas and that she made "several" unsuccessful service attempts.[1] However, appellants did not provide the date that Bright was initially

---

[1] In their brief, appellants state that Bright attempted service two or three times.

contacted, the period of time during which she attempted to serve Vargas, or any details regarding her attempts to serve Vargas in their response to the motion for summary judgment. In light of the extremely long period of time that preceded Cornelius being retained and the absence of details regarding appellants' efforts to locate Vargas during this period, the summary judgment evidence establishes an unexplained lapse in appellants' attempts to serve Vargas.

Appellants argue in their brief that it would have been useless for them to send a process server out "everyday" to serve Vargas because she moved frequently and did not notify the Texas Department of Public Safety or U.S. Postal Service each time she moved. While this contention may be accurate, appellants were not relieved of their duty to exercise diligence in locating Vargas in order to obtain service. They did not retain an investigator to locate her until twenty months after limitations had expired. The summary judgment evidence demonstrates a lack of diligence as a matter of law. Appellants' first and second issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


April 9, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.