Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 9,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00055-CV 

                                                     __________

 

                 JEANNIE
G. WATTS ET VIR GREG WATTS, Appellants

 

                                                             V.

 

                                      LUCIELLE
VARGAS, Appellee

 

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CC12490

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an appeal from a summary judgment.  Appellants, Jeannie G. Watts and Greg
Watts, filed a personal injury action against appellee, Lucielle Vargas, for damages
arising from an automobile accident that occurred on January 17, 2003. 
Appellants filed the underlying suit against Vargas on January 14, 2005.  They
did not obtain service of process on Vargas until April 18, 2007.  The trial
court granted Vargas=s
motion for summary judgment on the ground that appellants failed to exercise
diligence in serving Vargas with citation.  We affirm.








                                                                        Analysis

We
review the district court=s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor. Valence Operating Co., 164 S.W.3d at 661; Knott, 128
S.W.3d at 215.  Summary judgment is proper when there are no disputed issues of
material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

Appellants
challenge the summary judgment in two issues.          We address the two
together because they present the same issue for review.  Vargas pleaded the
affirmative defense of limitations in her original answer.  She subsequently
filed a motion for summary judgment on the sole ground of limitations.  To
obtain summary judgment on the affirmative defense of limitations, a movant
must conclusively establish when a cause of action accrued and that the
plaintiff did not file suit within the limitations period.  Diversicare Gen.
Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2008).  Even if suit is
filed within the limitations period, it is barred by limitations if the
defendant is not served within the limitations period and the plaintiff did not
exercise diligence in obtaining service.  See Proulx v. Wells, 235 S.W.3d
213, 215 (Tex. 2007).  








If
a defendant affirmatively pleads a limitations defense and shows that service
occurred  after limitations expired, the burden shifts to the plaintiff Ato explain the delay.@  Id. at 216.  When
the burden has been shifted in this manner, Ait
is the plaintiff=s
burden to present evidence regarding the efforts that were made to serve the
defendant, and to explain every lapse in effort or period of delay.@  Id.  AGenerally, the question of
the plaintiff=s
diligence in effecting service is one of fact, and is determined by examining
the time it took to secure citation, service, or both, and the type of effort
or lack of effort the plaintiff expended in procuring service.@  Id.  The Arelevant inquiry is whether
the plaintiff acted as an ordinarily prudent person would have acted under the
same or similar circumstances and was diligent up until the time the defendant
was served.@ Id.
However, the plaintiff may fail to raise a fact issue if the evidence
demonstrates a lack of diligence as a matter of law, Aas when one or more lapses between service are
unexplained or patently unreasonable.@
Id.  If the plaintiff=s
explanation for the delay raises a material fact issue concerning the diligence
of service efforts, the burden shifts back to the defendant to conclusively
show why, as a matter of law, the explanation is insufficient. Id.

In
this case, Vargas met her initial summary judgment burden to establish that she
was not served until after limitations had expired.   In this regard, the
summary judgment evidence establishes that Vargas was not served until
approximately twenty-seven months after limitations  expired.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon Supp.
2008).  Consequently, the burden shifted to appellants to explain the delay. 
Appellants= counsel
submitted an affidavit as summary judgment evidence that reads in relevant part
as follows:

On
or about January 13, 2005 I was hired to represent Jeannie G. and Greg Watts in
a personal injury suit against Lucielle Vargas.  The accident occurred on
January 17, 2003 in Midland County, Texas.  The lawsuit was immediately filed
before the statute of limitations ran.

 

After
the lawsuit was filed, I hired Laurie Bright, a process server to serve Ms.
Vargas with the petition.  Ms. Bright made several attempts to serve Ms. Vargas
but was unsuccessful.  I have requested Ms. Bright to attach the notes of her
attempts to serve Ms. Vargas: but she cannot locate her notes.

 

I
then hired Teresa Cornelius, a private investigator in Midland, Texas, to serve
the petition.  Ms. Cornelius made numerous attempts to locate Ms. Vargas but
was unable to do so until April 2007.  Ms. Cornelius=s deposition was taken and a copy is attached
hereto which shows the extensive efforts made by Ms. Cornelius to get Ms.
Vargas served.

 

Cornelius stated
in her deposition that she is a licensed private investigator.  Appellants= counsel retained her in
September 2006 in an effort to locate Vargas.  Cornelius stated that she
checked various databases every few weeks until she was able to locate Vargas
in April 2007.








We
will assume for the purposes of our analysis that Cornelius=s efforts to locate and
serve Vargas constituted a diligent attempt at service.  Appellants did not
retain Cornelius until approximately twenty months after limitations expired.  
Accordingly, we direct our attention to appellants= efforts during this initial twenty-month
period.  The only information provided by appellants  about this period is that
they retained Bright to serve Vargas and that she made Aseveral@
unsuccessful service attempts.[1]  However,
appellants did not provide the date that Bright was initially contacted, the
period of time during which she attempted to serve Vargas, or any details
regarding her attempts to serve Vargas in their response to the motion for
summary judgment.  In light of the  extremely long period of time that preceded
Cornelius being retained and the absence of details regarding appellants= efforts to locate Vargas
during this period, the summary judgment evidence establishes an unexplained
lapse in appellants=
attempts to serve Vargas.  

Appellants
argue in their brief that it would have been useless for them to send a process
server out Aeveryday@ to serve Vargas because
she moved frequently and did not notify the Texas Department of Public Safety
or U.S. Postal Service each time she moved.  While this contention may be
accurate, appellants were not relieved of their duty to exercise diligence in
locating Vargas in order to obtain service.  They did not retain an
investigator to locate her until twenty months after limitations had expired. 
The summary judgment evidence demonstrates a lack of diligence as a matter of
law.  Appellants=
first and second issues are overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 9, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In their brief, appellants state that Bright attempted
service two or three times.