



# MEMORANDUM OPINION

No. 04-11-00736-CV

Maria **VASQUEZ** and Mayra A. Vasquez,
Appellants

v.

Humberto **AGUIRRE**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-16677
Honorable Dick Alcala, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  June 6, 2012

REVERSED AND REMANDED

Maria Vasquez and Mayra A. Vasquez appeal the trial court's order granting summary judgment in favor of Humberto Aguirre. The summary judgment was based on the trial court's conclusion that as a matter of law the Vasquezes failed to establish they exercised due diligence in serving Aguirre. Because we conclude a genuine issue of material fact was raised with regard to whether the Vasquezes exercised diligence, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

**BACKGROUND**

The accident giving rise to the underlying lawsuit occurred on October 31, 2008. The Vasquezes filed their lawsuit on October 4, 2010; however, Aguirre was not served with citation until February 5, 2011, which was after the limitations period expired on October 31, 2010. Aguirre moved for summary judgment asserting the Vasquezes' claims were barred by limitations.

**BURDEN AND APPLICABLE LAW**

"[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* "Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* However, "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* "But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

"Texas courts have consistently held that unexplained delays of five and six months in requesting issuance and service of citation constitute a lack of due diligence as a matter of law." *Zacharie v. U.S. Nat. Res., Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.). In *Proulx*, the Texas Supreme Court considered whether a nine-month delay between the time the suit was filed and substituted service was effected demonstrated lack of diligence as a matter of law. 235 S.W.3d at 215-16. The following timeline summarizes the service efforts in *Proulx*:

- May 2, 2003 – lawsuit filed
- May 20, 2003 – process server received citation
- May 21, 2003 – limitations expired
- May 21, 2003 to July 22, 2003 – eleven attempts to serve at given address
- July 31, 2003 – in-house investigator locates three alternative addresses
- August 5, 2003 to September 17, 2003 – twelve attempts to serve
- October 17, 2003 to December 5, 2003 – seven attempts to serve by second process server
- December 5, 2003 to December 10, 2003 – twenty phone calls made to defendant's brother who resided at defendant's address
- December 5, 2003 – private investigator hired to locate defendant who concludes defendant was moving to evade service and suggests substitute service
- January 15, 2004 – motion for substituted service filed
- January 26, 2004 – service effected by substituted service

*Id*. at 214-15. "The court of appeals identified specific periods of delay in Proulx's service efforts, and concluded Proulx was not diligent in effecting service during these times." *Id.* The court of appeals specifically noted a nineteen-day period from the lawsuit's filing to the first process server's receipt of citation; three weeks that passed between dismissal of the suit for want of prosecution and the filing of a motion to reinstate; a nearly five-month period that passed before Proulx hired a private investigator to locate the defendant; twenty-four days that passed before citation was delivered to the second process server; and the overall nine months that passed between filing of suit and successful service. *Id*. at 216-17. Nonetheless, the Texas Supreme Court concluded the mere fact "that some periods of time elapsed between service

efforts does not conclusively demonstrate that Proulx was not exercising diligence in his efforts to locate" the defendant. *Id*. at 217. "In light of the evidence that was presented regarding Proulx's continuous investigation and repeated service attempts, coupled with evidence that [the defendant] was deliberately avoiding service," the court concluded that the defendant "failed to conclusively establish lack of diligence" and held that summary judgment was erroneously granted. *Id*.

### DISCUSSION

In the instant case, the lawsuit was filed on October 4, 2010, and the Vasquezes' attorney retained the services of a process server. The process server stated in her affidavit attached to the Vasquezes' summary judgment response that she attempted to serve Aguirre on October 6, 2010, October 8, 2010, October 11, 2010, November 4, 2010, November 17, 2010, January 3, 2011, and January 13, 2011. On January 17, 2011, the process server confirmed through an online search that the property where service was being attempted was owned by Aguirre and also informed the Vasquezes' attorney of her unsuccessful attempts. The process server was told the attorney would further advise her on how to proceed. On February 12, 2011, the process server was asked to prepare an affidavit of attempted service for use in filing a motion for alternative service. On February 15, 2011, the process server made a final attempt to serve Aguirre and was successful.

Although there are some periods of time that elapsed between the service attempts, these lapses do not conclusively demonstrate that the Vasquezes were not exercising diligence in their efforts to locate Aguirre. *See Proulx*, 235 S.W.3d at 217. Overall, in a little less than four months, eight attempts were made to serve Aguirre, an online search was undertaken to confirm Aguirre lived at the address where service was being attempted, and a decision was made and

actions were taken to pursue alternative service. Because the Vasquezes offered proof of their diligence and an explanation for the delay in serving Aguirre, the burden shifted to Aguirre to show why the explanation was insufficient as a matter of law. *See id*. at 216. We hold that Aguirre did not do so. Accordingly, the summary judgment evidence raised a genuine issue of material fact as to whether the Vasquezes acted as ordinarily prudent persons would have acted under the same or similar circumstances and were diligent up until the time Aguirre was served. *See id*. at 216 (setting forth applicable standard); *see also Bolado v. Speller*, No. 04-06-00535-CV, 2007 WL 3270764, at *1-2 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) (holding fact issue raised where service effected on seventh attempt in little over three month period).

## CONCLUSION

Because Aguirre failed to conclusively establish lack of diligence by the Vasquezes in effecting service, the trial court's summary judgment is reversed, and the cause is remanded for further proceedings.

Catherine Stone, Chief Justice