**AFFIRMED; Opinion Filed April 3, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00735-CV

## FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF MALOREE TENNISON, Appellant
## V.
## KRISTEN MELISSA MCABEE, Appellee

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-03135-2017**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Farmers Texas County Mutual Insurance Company, as subrogee of Maloree Tennison,

appeals the trial court's adverse summary judgment on its claims against Kristen Melissa McAbee.

Presenting a single issue, Farmers asserts the trial court erred in granting summary judgment based

on limitations because the summary judgment evidence did not conclusively establish Farmers'

lack of due diligence in serving McAbee. We affirm the summary judgment.

### BACKGROUND

This dispute arises from an automobile accident that occurred on January 11, 2016 between

Maloree Tennison and Kristen Melissa McAbee. After Farmers paid its insured, Tennison, for

property damage her vehicle sustained in the accident, it filed this lawsuit against McAbee on

December 29, 2017, shortly before the two-year limitations period expired. On January 31, 2018,

the trial court issued a notice of dismissal for want of prosecution (DWOP) setting the matter for a hearing on March 2, 2018. On February 28, 2018, Farmers' counsel first requested citation be issued to McAbee. The request was made about six weeks after limitations had expired on the case. Citation was issued on March 1 and McAbee was served at her home the following day, on March 2.

On March 23, McAbee filed an answer to the lawsuit, along with a traditional motion for summary judgment, asserting that Farmers' claims against her were barred by limitations. Specifically, she argued the case was time-barred because Farmers did not use diligence in serving her. Farmers opposed the motion, relying primarily on the affidavit of its attorney. Farmers argued its evidence sufficiently explained the delay in serving McAbee. After hearing oral arguments, the trial court granted a take-nothing summary judgment in favor of McAbee based on limitations. Farmers filed this appeal.

## ANALYSIS

In its sole issue, Farmers generally argues that because it provided evidence of an explanation for the duration of the delay between when the petition was filed and when McAbee was served, McAbee did not establish Farmers' lack of due diligence as a matter of law. We disagree.

We review the trial court's summary judgment ruling de novo. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 422 (Tex. 2010). The movant for traditional summary judgment has the burden to establish there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The mere filing of a petition within the limitations period will not interrupt the running of limitations unless the plaintiff exercises diligence in procuring the issuance and service of citation on the defendant. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Once McAbee moved for summary judgment on her limitations defense and showed that service was not timely, the burden shifted to Farmers to prove diligence in serving her. *Id.* If Farmers' explanation for the delay raises a material fact issue concerning the diligence of service effort, the burden shifts back to McAbee to conclusively show why, as a matter of law, the explanation is insufficient. *See Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam). If, however, Farmers' explanation of its service efforts demonstrates a lack of due diligence as a matter of law, such as when one or more lapses are unexplained, or the explanation is patently unreasonable, summary judgment is appropriate. *See id.* In assessing diligence, the relevant focus is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time when the defendant was served. *Id.*

Here, it is undisputed that McAbee had not been served with the petition when the statute of limitations expired on January 11, 2018. In fact, McAbee was not served until almost two months later, on March 2. In response to McAbee's summary judgment motion, Farmers' attorney submitted an affidavit stating that he had no staff over the holidays and "due to an oversight," he failed to include a request for citation when filing the petition. He further indicated his new paralegal had no reason to know citation had not been requested. Moreover, he said he did not receive the trial court's January 31 notice of dismissal for want of prosecution until February 20. Nevertheless, request for citation was not issued until February 28, two days before the DWOP hearing. McAbee was served on March 2, the day of the DWOP hearing.

On appeal, Farmers contends its evidence created a fact issue regarding diligence because there was only a sixty-two-day delay between the filing of the petition and service on McAbee,

and Farmers offered an explanation for the delay. But it is not simply the length of the delay here that is dispositive. We must also consider Farmers' effort to procure citation in the first place. The record reveals Farmers' counsel simply did not request citation when the petition was filed, nor did he request citation upon receiving the trial court's DWOP notice on February 20. It appears that Farmers' counsel was not even aware that he had not requested issuance of citation until February 28, one week after he asserts he received the trial court's DWOP notice. Farmers' summary judgment evidence simply explained why it did nothing to procure service until February 28 rather than explain what steps it took to procure service on McAbee. *See Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.) (when defendant complains of lack of due diligence, plaintiff must explain steps he took to obtain service not explain why he did nothing). Moreover, there is no reason given as to why Farmers waited from December 29, 2017, the day the petition was filed, until February 28 to check to see if McAbee had been served and thus discover its error.

We conclude the circumstances here present a situation in which Farmers did not exercise due diligence to procure issuance of citation and service as matter of law. Rather, the efforts can only be described as lacking and not the efforts an ordinarily prudent person would have used under the same or similar circumstances. *See Proulx,* 235 S.W.3d at 216; *Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *3–4 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (attorney's failure to contact process server and clerk's office to inquire into service two months later was not diligence as a matter of law). Accordingly, we resolve Farmers' only issue against it.

## CONCLUSION

Based on the record before us, we affirm the trial court's take-nothing summary judgment in favor of McAbee based on limitations.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180735F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FARMERS TEXAS COUNTY MUTUAL
INSURANCE COMPANY, AS
SUBROGEE OF MALOREE TENNISON,
Appellant

No. 05-18-00735-CV      V.

KRISTEN MELISSA MCABEE, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-03135-2017.
Opinion delivered by Justice Partida-
Kipness, Justices Bridges and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Kristen Melissa McAbee recover her costs of this appeal
from appellant Farmers Texas County Mutual Insurance Company, as subrogee of Maloree
Tennison.

Judgment entered this 3rd day of April, 2019.