**AFFIRMED and Opinion Filed September 27, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00900-CV**

**LAWANDA PEARSON, Appellant**
**V.**
**DUNCANVILLE SENIOR CARE, LLC, ET AL., Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-16962**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Lawanda Pearson appeals from a summary judgment entered in favor of

Tascosa Management, LLC and Goodlife Senior Living Management Company,

LLC (collectively, the Goodlife Parties).[1] We affirm in this memorandum opinion.

*See* TEX. R. APP. P. 47.4.

Ms. Pearson worked as a caregiver at GoodLife Assisted Living and Memory

Care in Duncanville (GLD). At the time, Tascosa employed Ms. Pearson and

---

[1] Ms. Pearson abandoned her appeal of the summary judgment as to Duncanville Senior Care, LLC.

operated GLD, although Goodlife Senior Living later acquired Tascosa's assets and took over GLD's operations.

Tascosa terminated Ms. Pearson's employment on October 18, 2017.[2] According to Ms. Pearson, Tascosa terminated her for reporting unlawful narcotics diversion and record-keeping practices at GLD. The Goodlife Parties insist, however, that Tascosa fired her for violating patient-privacy provisions in the federal Health Insurance Portability and Accountability Act (HIPAA).

In any event, Ms. Pearson waited until October 17, 2019—exactly two years after her termination—to file this lawsuit against the Goodlife Parties. In her petition, she alleged the Goodlife Parties conspired to discharge her in violation of sections 247.068(a) and 260A.014(b) of the Texas Health and Safety Code. The clerk issued citations for the Goodlife Parties a week later, with each citation providing for service on the same registered agent:

> REGISTERED AGENT CLIFF BOYD
> 402 WEST WHEATLAND ROAD
> DUNCANVILLE TX 75116[3]

---

[2] There is conflicting evidence concerning the date of Ms. Pearson's termination. For purposes of the summary judgment at issue, we credit Ms. Pearson's allegation that her termination occurred on October 18, 2017.

[3] The record on appeal suggests the address provided in the citations does not match exactly the registered agent's address on file with the Secretary of State: 402 Wheatland, Suite 170-B, Duncanville, TX, USA 75237.

Ms. Pearson did not, however, serve those citations on Mr. Boyd. After two unsuccessful attempts to serve him, she instead served the citations on her former supervisor, Jannalee Freeman, whom the service returns identified as "Regional Manager." After the Goodlife Parties failed to answer, Ms. Pearson obtained a default judgment in January 2020.

Soon after, the Goodlife Parties appeared and filed a motion to set aside the default judgment, which the trial court granted. They later moved for summary judgment, arguing: (1) the evidence refutes Ms. Pearson's claims; and (2) Ms. Pearson's claims are barred by limitations. The trial court granted their motion without specifying grounds and entered summary judgment in their favor. Ms. Pearson timely appealed.

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the trial court's order does not specify the grounds for granting summary judgment, we will affirm if any theory presented to the trial court and preserved for our review is meritorious. *Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

We begin with the Goodlife Parties' assertion that Ms. Pearson's claims are barred by limitations. A timely filed lawsuit will not prevent limitations from

running if the plaintiff does not exercise diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). If the defendant affirmatively pleads limitations and shows service did not occur within the limitations period, the burden shifts to the plaintiff to prove it acted diligently in procuring service. *Id.*

To satisfy this burden, the plaintiff must show it "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* This ordinarily presents a fact question, "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Taylor v. Hill*, No. 05-15-00385-CV, 2016 WL 825722, at *2 (Tex. App.—Dallas March 3, 2016, no pet.) (mem. op.) (quoting *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam)). The plaintiff's evidence must show its efforts to serve the defendant and explain every lapse in effort or period of delay. *Id.* If the plaintiff's explanation fails to raise a fact question as to its diligence, then the defendant has no burden to show the plaintiff failed to act diligently. *Id.* If, however, "the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law the explanation is insufficient." *Id.*

Here, the parties agree the longest possible limitations period for Ms. Pearson's claims was two years from her termination. *See* TEX. HEALTH & SAFETY CODE § 260A.014(h); *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) (noting that a derivative conspiracy claim is subject to the same limitations period as the underlying tort). Ms. Pearson also appropriately concedes that, because the Goodlife Parties affirmatively pleaded limitations and demonstrated she did not serve them within the limitations period, the burden shifted to her to show she acted diligently in procuring service. *See Taylor*, 2016 WL 825722, at *2.

A limited liability company (LLC) is not a person capable of accepting process on its own behalf and must be served through an agent. *Cf. Prado v. Nichols*, No. 05-20-01092-CV, 2022 WL 574845, at *2 (Tex. App.—Dallas Feb. 25, 2022, no pet.) (mem. op.). Agents authorized by statute to accept service on behalf of an LLC include its registered agent and, depending on whether the LLC is manager- or member-managed, any manager or member of the LLC. *See* TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(3). A proper service return must show both the name of the person who accepted service on behalf of the LLC and that the person was authorized to do so. *Cf. Prado*, 2022 WL 574845, at *2.

After two failed attempts to serve the Goodlife Parties' registered agent before 9:00 a.m. on consecutive days, Ms. Pearson chose to serve her former supervisor,

Ms. Freeman. The service returns reflect that Ms. Freeman was the Goodlife Parties' "Regional Manager," although Ms. Freeman's affidavit states she was the Goodlife Parties' "Regional Operations Officer." The distinction is of no note in this appeal. Ms. Pearson provided no evidence suggesting either that the Goodlife Parties authorized Ms. Freeman to accept service on their behalf or that Ms. Freeman was a member or manager of the LLCs as those terms are used in the business organizations code.

In her response to the summary-judgment motion, Ms. Pearson merely provided the following statement concerning her efforts to serve the Goodlife Parties:

> In terms of service the defendants' game play was the cause of any delay, which Plaintiff contends was insignificant delay in any event. If the defendants' registered agent for service of process in fact maintained a physical presence at the office identified as the registered address, then it was unmarked. Declaration of Pearson. Nonetheless, process was served on [the Goodlife Parties] in less than two weeks.

In the declaration attached to her response, Ms. Pearson stated: "I visited the office building where the defendants claimed was their registered address. If their registered agent in fact maintained a physical presence at the office, then it was unmarked as no such office number existed at the address."

Ms. Pearson has not addressed, either in the trial court or on appeal, the Goodlife Parties' arguments that the November 2019 service on Ms. Freeman was defective. Instead, Ms. Pearson contends for the first time on appeal that, although

service was "arguably defective," any defect in service is irrelevant to the issue of whether she acted diligently in seeking to procure that service. Thus, she argues, she had "no responsibility to cure alleged service defects, no obligation to explain how defective service demonstrated diligence, and no duty to explain the alleged failure to properly serve" the Goodlife Parties. We disagree.

As Ms. Pearson acknowledges, she had the burden of demonstrating her diligence in serving the Goodlife Parties after limitations expired. Although we agree that a defect in service does not necessarily reflect a lack of diligence by the plaintiff, Ms. Pearson nevertheless failed to explain how her efforts were reasonably calculated to lead to valid service on the Goodlife Parties.

Ms. Pearson's only explanation for failing to properly serve the Goodlife Parties through an authorized agent is that she could not find their registered agent at their registered address. But the law provides a clear and simple path for obtaining valid service in those circumstances. Under the business organizations code, if an entity "does not maintain a registered agent," or if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity," then the secretary of state will act as an agent "for purposes of service of process." *See* TEX. BUS. ORGS. CODE § 5.251(1). An ordinarily prudent person under these circumstances would serve the Goodlife Parties through the secretary of state.

Instead, Ms. Pearson chose to serve her former supervisor, Ms. Freeman, without providing any evidence suggesting a reasonable basis for believing Ms. Freeman had authority to accept service on the Goodlife Parties' behalf. And having served Ms. Freeman, Ms. Pearson made no other efforts to serve the Goodlife Parties in the months before their voluntary appearance. On this record, because she did not identify a reasonable basis for believing service upon Ms. Freeman was sufficient, we conclude Ms. Pearson's explanation failed to raise a genuine fact issue as to her diligence in procuring service on the Goodlife Parties after limitations expired. The trial court thus did not err by granting summary judgment on limitations grounds, and we need not reach the merits of the parties' remaining arguments.

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
210900f.p05                                  JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWANDA PEARSON, Appellant

No. 05-21-00900-CV      V.

DUNCANVILLE SENIOR CARE,
LLC, ET AL., Appellees

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-16962.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DUNCANVILLE SENIOR CARE, LLC, TASCOSA MANAGEMENT, LLC, and GOODLIFE SENIOR LIVING MANAGEMENT COMPANY, LLC recover their costs of this appeal from appellant LAWANDA PEARSON.

Judgment entered this 27th day of September, 2022.