

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-23-00178-CV

LONGHORN CANYON PARTNERS, L.P., APPELLANT

V.

BFS TEXAS SALES, LLC, APPELLEE

On Appeal from the 459th District Court
Travis County, Texas
Trial Court No. D-1-GN-23-000969, Honorable Karin Crump, Presiding

August 21, 2023

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Sometimes parties create the very problems they ask the court to resolve. That occurred here when Longhorn Canyon Partners, L.P. prematurely sued a myriad of subcontractors, withheld service of citation upon them, and instead sought their joinder in an arbitration between it and a third-party, Longhorn Canyon Condominiums Association. Yet, the one subcontractor involved in this appeal, BFS Texas Sales, LLC, was not a party

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

to the arbitration agreement between Longhorn and the Association. And, instead of waiting to be served with citation, BFS filed an answer, moved for a no-evidence summary judgment, and contested Longhorn's request of the trial court to stay proceedings pending arbitration. The trial court denied the motion to stay and granted summary judgment, denying Longhorn recovery against BFS. Shortly thereafter, the arbitrators decided to release from arbitration BFS and many other entities Longhorn had initially succeeded in joining as parties to that process. Now, Longhorn complains of the trial court's decision to deny the stay and grant summary judgment. We reverse.

### *Issue One—Stay*

Regarding the first issue, Longhorn is not contending that the arbitrators somehow erred in freeing BFS from arbitration. Rather, it believes that prosecution of the suit should have been stayed irrespective of whether BFS was a party. This is purportedly so because of the issues involved in both proceedings. We sustain the issue.

The denial of a stay is reviewed under the standard of abused discretion. *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 794 (Tex. App.—Dallas 2012, no pet.). Discretion is abused when the trial court acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Id.* An example of that occurs when the court fails to apply the law correctly. *In re E.H.L.V.*, No. 09-20-00191-CV, 2022 Tex. App. LEXIS 3874, at *4 (Tex. App.—Beaumont June 9, 2022, pet. denied) (mem. op.).

Our Supreme Court declared that when an issue is pending in both arbitration and litigation, the former should be given priority to the extent that it is likely to resolve issues material to the latter. *In re Merrill Lynch & Co.*, 315 S.W.3d 888, 891 (Tex. 2010). Thus, litigation involving those not party to an arbitration agreement should be stayed if

2

continuation may undermine issues to be resolved in arbitration between parties to the agreement. *Id.*

At bar, the underlying dispute being addressed via arbitration is whether Longhorn defectively constructed various buildings.[2] No one questions that Longhorn and the Association had an agreement to arbitrate the matter. Nor does anyone dispute that the Association accuses Longhorn of engaging in defective construction. Furthermore, via its lawsuit against BFS and other subcontractors, Longhorn asserts that the subcontractors negligently constructed the buildings in question, breached their contracts when constructing them, and owed it a duty of indemnification and contribution against claims such as those of the Association. In other words, Longhorn posits that if there are defects in construction, as urged by the Association, then the subcontractors are responsible and subject to liability for them. This scenario leads us to conclude that issues material to the arbitration are also issues material to the lawsuit, the very least of which is the existence of defective construction. To permit the adjudication of that in the trial court, with its concomitant expenses and temporal delays, could impede and undermine Longhorn's right to have same determined through arbitration.

Moreover, permitting arbitration to proceed could affect material issues susceptible to trial, depending on the arbitrator's decision.[3] For example, an arbitrator rejecting the Association's claims could impact the foundation of Longhorn's claims against the subcontractors. Thus, our circumstances fall within the scope of *Merrill's* rule, and the

---

[2] The existence of defective framing is one complaint levied by the Association. Allegedly, BFS was hired to perform some of the framing.

[3] We withhold comment on whether an arbitrator's decision binds entities who were not required to arbitrate.

trial court's decision failed to heed it. And, we find the error harmful given that BFS's liability, or lack thereof, for purportedly existing defects was subsequently adjudicated by the trial court.

We do not ignore BFS's contention that invoking the judicial process somehow waived Longhorn's right to arbitration. Yet, its being a non-party to the arbitration agreement between Longhorn and the Association leaves us wondering how it can complain about the decision of Longhorn and the Association to arbitrate. Nevertheless, initiating suit does not mean that a party like Longhorn *ipso facto* waived arbitration. *See Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008) (stating that the Supreme Court has never found that filing suit waives arbitration). This is especially so when that same party evinced its intent to adjudicate the entire matter through arbitration by attempting to join the subcontractors in the arbitration process. So, prematurely filing suit against BFS did not result in Longhorn's waiving arbitration with the Association.

We say prematurely because a right to indemnity does not generally accrue until the person seeking same incurs liability, i.e., liability becomes fixed. *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 200 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 211 (Tex. 1999) (stating that "limitations could not have began to run before Kellogg's indemnity claim became fixed and certain" and "Kellogg's claim did not become fixed and certain until judgment was signed in *Valero I*"). Longhorn had yet to be found liable, via arbitration, for the supposed defects when it sued the subcontractors. So, as observed by BFS, it

4

could have waited and avoided the predicament at issue.[4]  Precious resources like judicial time are better spent on adjudicating matters not so easily avoided.

We reverse the trial court's decision denying Longhorn's motion to stay litigation pending arbitration.  That also obligates us to reverse the trial court's summary judgment favoring BFS since the matter should have been stayed.  The cause is remanded to the trial court for further proceedings.


Brian Quinn
Chief Justice

---

[4] Longhorn apparently thought suit was appropriate to stem the running of limitations.  Yet, commencing suit alone does not halt limitations; suit coupled with diligence in serving citation does.  *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).  By deciding to forego service of citation upon BFS and the other subcontractors, Longhorn's suit did not serve its supposedly intended purpose.