

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00270-CV

---

**JASON BARGER, AN INDIVIDUAL, APPELLANT**

**V.**

**DGL GROUP, LTD D/B/A HOVER-1, AND JOHN DOES 1-100, INCLUSIVE, APPELLEES**

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CV-1220, Honorable J. Phillip Hays, Presiding

---

July 30, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

This appeal concerns whether the statute of limitations was tolled in a product liability suit when the defendant was not served with a citation until 148 days after the limitations period expired. Appellant, Jason Barger, was allegedly injured on September 25, 2020, by a product manufactured by Appellee, DGL Group, Ltd. d/b/a Hover-1 (DGL).[1] He filed suit on September 19, 2022, six days before the statute of limitations expired.

---

[1] Appellant does not dispute that this is the date his cause of action accrued.

However, DGL was not served until February 14, 2023, nearly five months later. The trial court granted DGL's motion for summary judgment on limitations grounds.

On appeal, Barger argues that (1) a 148-day delay in service is not unreasonable as a matter of law, (2) DGL failed to specify what an ordinarily prudent person in Barger's position would have done, and (3) DGL was not unduly prejudiced by the delay. We affirm the trial court's judgment.

**Analysis**

We review a trial court's summary judgment de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* A defendant moving for summary judgment on an affirmative defense must conclusively prove all elements of the defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

A person must "bring suit" within two years after the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).[2] As the Supreme Court of Texas has reiterated, the phrase "bringing suit" means more than simply filing the plaintiff's petition; it also includes completing proper service of process on the defendant:

> [T]o "bring suit" is a term of art reflecting the traditional requirements to
> satisfy a statute of limitations: filing the petition and achieving service of

---

[2] "Texas courts have held that this two-year window applies to products-liability actions." *Gutierrez v. Ethicon, Inc.*, 535 F. Supp. 3d 608, 619 (W.D. Tex. 2021) (citing *Heckel v. Allen Samuels Chevrolet*, No. 14-07-00254-CV, 2008 Tex. App. LEXIS 705, *9–10 (Tex. App.—Houston [14th Dist.] Aug. 28, 2008, no pet.) (mem. op.).

2

process. Timeliness for just one will not do. Thus, while service follows filing, both are prerequisites to "bringing" the suit. The suit is not "brought," and the statute of limitations is not satisfied, until the plaintiff achieves both steps.

*Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024). Applying these terms to the present case, the undisputed evidence shows even though suit was *filed* six days before the limitations period ran, it was not *brought* until February 14, 2023, approximately four months and twenty days after limitations had expired. Per the statute, Barger's lawsuit would be barred by limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

However, our analysis does not end here. Recognizing that some defendants can be difficult to serve, Texas courts have sometimes used a common-law workaround to mitigate the potentially harsh consequences of a limitations deadline. *See Tanner*, 689 S.W.3d at 299 ("The common law thus developed a sensible balance, not to undermine but to effectuate the service requirement."). Courts may permit an otherwise late-filed lawsuit to avoid the limitations bar if the plaintiff demonstrates due diligence in serving the defendant. *Id.*; *Prouix v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). To use this exception, Barger must prove he "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216; *Hicks v. Simmons*, No. 07-16-00344-CV, 2017 Tex. App. LEXIS 4972, at *1–2 (Tex. App.—Amarillo May 31, 2017, no pet.) (mem. op.). Determining whether a plaintiff was diligent in securing citation and service involves examining whether the plaintiff offered an explanation for every delay, "and not a conclusory or cursory one, either." *Tanner*, 689 S.W.3d at 299.

3

Barger's summary judgment evidence shows that after filing suit six days before limitations expired, his counsel became confused upon discovering that DGL was not registered with the Texas Secretary of State to do business in Texas. Under the Business and Commerce Code, the Secretary of State is deemed to be DGL's agent for service given these circumstances. TEX. BUS. ORGS. CODE § 5.251 ("The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if . . . [the entity is a foreign-filed entity] and transacts business in this state without being registered as required by Chapter 9."). Barger elected to pursue service on DGL by other means. On November 8, 2022, his counsel requested a citation be issued to obtain service on DGL. After receiving a Notice of Intent to Dismiss his suit due to a lack of service in February 2023, efforts appear to have been renewed to locate and serve DGL's agent. Accordingly, after locating a summons related to a civil suit against DGL in federal district court, counsel obtained a service address for DGL's agent. DGL was served on February 14, 2023.

To summarize: The 148 days between filing the suit and completing service reveal only one attempt by Barger to serve DGL in Texas (November 2022) and one successful effort in New Jersey (February 2023). Barger provides no explanation for the delays in locating and serving DGL, nor does he explain why he did not pursue other available alternative service methods. While diligence is typically a question of fact, a lack of

4

diligence can be established as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216.[3]

To avoid a take-nothing judgment, Barger was required to "present evidence regarding the efforts that were made to serve the defendant, and to explain *every* lapse in effort or period of delay." *Tanner*, 689 S.W.3d at 302 (emphasis in original) (cleaned up). His failure to provide explanations for the periods of delay in serving DGL demonstrates a lack of due diligence as a matter of law. The trial court did not err in rendering summary judgment in favor of DGL. We overrule Barger's three issues.

## Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

---

[3] *See also Tanner*, 689 S.W.3d at 299 (recognizing that the standard for proving diligence may vary depending on the difficulty in serving the defendant: "the easier it is to achieve service, the harder it will be for a plaintiff to establish diligence during a substantial (or even minor) delay.").