# Supreme Court of Texas

―――――

No. 23-0438

―――――

City of Houston,
*Petitioner*,

v.

Adaeze Shavon Meka,
*Respondent*

―――――

On Petition for Review from the
Court of Appeals for the First District of Texas

―――――

**PER CURIAM**

This personal-injury lawsuit arises out of a motor-vehicle accident involving a City of Houston employee. The City seeks dismissal and argues that post-filing diligence in effecting service of process is a jurisdictional requirement that, under Section 311.034 of the Texas Government Code, may be challenged in a plea to the jurisdiction or summary-judgment motion based on governmental immunity. The court of appeals rejected the City's contention. It concluded that timely service of process does not implicate subject-matter jurisdiction. ___ S.W.3d ___, 2023 WL 3063397, at *8 (Tex. App.—Houston [1st Dist.] Apr. 25, 2023). The court of appeals reached that conclusion by embracing and heavily

relying on an opinion from the Third Court of Appeals. *See id.* at \*5-8 (citing and quoting *Tanner v. Tex. State Univ.*, 644 S.W.3d 747 (Tex. App.—Austin 2022)). This Court, however, subsequently reversed the Third Court's judgment. *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 297 (Tex. 2024).

The relevant statutory term for limitations purposes in this case is "bring suit." *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). As *Tanner* explains, "bringing suit" involves both filing an original petition and effecting service of process, so untimely service deprives a court of jurisdiction to entertain a suit against the government. 689 S.W.3d at 296, 300. We clarified that diligence in effecting service is not an independent "requirement." Instead, diligence provides an opportunity for a plaintiff who effects service after limitations has run to nonetheless be deemed to have timely served the defendant. Service that would otherwise be untimely, in other words, will relate back to a timely-filed original petition if the plaintiff exercised diligence in attempting service from the point that limitations expired until service was achieved. *Id.* at 298; *see Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

The opinion below relied on propositions that we rejected in *Tanner*. Because the court of appeals resolved the case in that way, it had no occasion to consider the parties' remaining arguments. The court relied on what it regarded as the state of the law before our decision, the benefit of which it did not have. We therefore grant the City's petition for review, vacate the court of appeals' judgment, and remand to that court for further proceedings in light of *Tanner*. *See* TEX. R. APP. P. 59.1, 60.2(f).

**OPINION DELIVERED:** August 30, 2024

2